By the Court. Slosson, J.
It is a mistake to suppose that this case is at all governed by the decision of the Court of Appeals in jBlaJee v. Ferris. Had the action been brought against Mrs. Lozier, the owner, instead of the defendants, the objection that has been relied on, would have applied, and would have been fatal; but the defendants had contracted to finish the whole building, and while engaged in the performance of their contract, had the exclusive possession and control; and that their contract embraced the front area, and the work there necessary to be done, is not denied. Although they employed a blacksmith at a stipulated price to make and finish the grating, it does not appear that it was not their duty to guard against accidents during his absence and that of his workmen, by covering or fencing the opening to the area, until it was properly grated. Their contract with the owner imposed upon them this duty, and it does not appear that they were released from it by their contract with the blacksmith. On the contrary, the case shows that it was considered by themselves to be their duty, and that they attempted to prove its performance. Hence, it is to- the negligence of the defendants themselves and of the servants whom they employed, that the acci *35 dent from which the plaintiff has suffered must be imputed, and there is consequently nothing to take the case from the general rule of respondeat superior.
Even had it been proved that the blacksmith, as a sub-contractor, was bound to guard and protect the opening in the area until the completion of his stipulated work, we are by no means prepared to say that the defendants would not still be responsible for his negligence, as' that of their own agent or servant. We are not aware that it has yet been decided that he who has contracted to erect and complete an entire building may relieve himself from all liability for the negligent acts or omissions of those by whom the labor may be performed, by parcelling out the work to sub-contractors in distinct jobs, instead of performing it by laborers under his own direction and in his immediate employ. As at present advised, we do not think that the principle of the decision in Blake v. Ferris would require us to go to this extent, and, unless under the pressure of a paramount authority, it is not a decision that we should be willing to make. It is not necessary, however, that the question should now be determined.
All the exceptions taken on the trial are overruled, and the judgment upon the verdict is affirmed with costs.