By the Court. Woodruff, J.
It appears, by the admissions in the pleadings herein—by the defendants’ admission, on the trial, and by the written contract, given in evidence on behalf of the defendants—that the defendants are owners of the house and lot situated on the north-east corner of Thirty-first street and the Sixth avenue, in the city of New York; that they purchased the same when the house was in progress of erection, and proceeded to finish it, and, for that purpose, entered into a contract with W. B. & R. Barton, for the performance of the work, requisite to its completion, according to plans referred to in, and specifications annexed to, the contract. Without the line of the lot, and within the lines of Thirty-first street, on the southerly side of the house, an excavation was made for the construction of a vault, or covered area to be used as a vault, under the sidewalk, near the wall of the house, the covering of which, of a uniform surface with the rest of the sidewalk, formed a part of the walk along the southerly side of the house. The defendants’ contract with the Bartons provided for the flagging of the sidewalk, and described the flags, to be laid over the area, or vault, referred to; and it may be assumed, for the purposes of the present appeal, that the flags, provided for in the contract, were sufficient and proper for such a purpose, and, had they been used, would have protected all persons passing over them, or standing thereon, from falling into the area or vault beneath.
The plaintiff, an infant, residing with his father, in one of the apartments in the said house, on the 7th day of July, 1853, more *497 than a year after its completion, was standing, or ran, upon the sidewalk, over this area or vault, when the flag-stone, which formed the covering thereof at that place, gave way, and the plaintiff, with the broken stone, fell into the area or vault beneath. His leg was so broken that amputation became necessary. This action is brought to recover damages for the injury thus sustained.
The complaint, in substance, denies that the defendants had any right, or lawful authority, to construct such vault, and cover the same; and, also, avers that, whether the same was done with, or without lawful authority, it was the duty of the defendants to put and construct, over and above such excavation, a safe and sufficient covering, of stone, or other proper material, to render the same safe and secure, to the public and persons lawfully travelling upon the said sidewalk, and upon and over the said excavation.
On the trial, after proof of the circumstances attending the injury, and its consequences, the description of the place where it occurred, the breaking of the stone, &c., evidence was given tending to show, not only that the stone used as a covering was not such, nor so good, as was required by the contract, but that the stone was an insufficient, unsuitable, defective and improper stone to be used for such a purpose; and also that it was not properly supported at the ends, and that it was negligence to cover the area, or vault, with such a stone, set in the manner in which this stone was placed.
On these points, there was a conflict of evidence, and the Judge, at the trial, stated to the jury, that the great weight of the testimony was, that there was no objection to the manner of placing the stone, and left to the jury the question, whether the stone was such as a prudent and discreet mechanic would use.
The questions raised, upon the defendants’ motion for a nonsuit, and by his objections to evidence, are sufficiently embraced in the question created by exception to the charge of the. Judge, and need not be separately considered, for, if no error was committed in the charge, of which the defendants can complain, the other objections are either groundless, or have no application to the facts, upon which the rights and liability of the parties depend.
The defendants insisted, that, having made a contract with the Bartons—skilful and competent architects and mechanics—which called for the best materials, to be applied in a good and workmanlike manner, they were not responsible for the contractors’ negli *498 gence, or for defects in the construction, but that the liability, if any, rested upon the builders, and not upon the owners. Upon the doctrine of Blake v. Ferris, (1 Selden, 48,) Peck v. The Mayor, &c., (4 Selden, 222,) and see Peasley v. Rowland, et al., (16 Eng. L. & Eq. R. 442,) and cases cited, and in note, (p. 444.)
Also that, at most, the evidence showed only an error in judgment, in respect to the sufficiency of the stone, and the mode of setting it, which would not make the defendants, nor even the contractors, liable in this action.
The Judge charged the jury, among other things, that the defendants, having made a contract for the construction of the house, and the covering of this area, are responsible for the Bartons—the ■contractors—or any one, employed by them, and they were bound to use the skill and judgment of prudent and discreet men, and that the question seems to be narrowed down to this—whether this stone was such as a prudent and discreet mechanic would use.
We are of opinion, that there was nothing, in this instruction, of which the defendants can complain.
The cases, to which we are referred, wherein it js held, that where one, in the exercise of his lawful rights, and for the doing of that which he has full right and authority to do, contracts with another, exercising an independent employment, to perform the work, he is not responsible for the negligence of the servants of the latter in the manner of its performance, such as Blake v. Ferris, and other cases, we think do not apply to the present case.
Here, the vault or area was constructed in a public street and highway, and no warrant, or authority therefor whatever, is shown. It was kept and maintained, by the defendants, for their private gain and advantage. Whether done through the instrumentality of a contractor, or by the defendants’ own hands, it was done by them, and they had no right, or authority, as owners of the contiguous house and lot, to make any use of the street, in front, or of any part of it, inconsistent with the safe and convenient use of it by the public, or so as to hazard the safety of individuals passing and repassing along the same. If, under such circumstances, they undertake to construct and maintain a vault, under the sidewalk, it is a very light measure of responsibility, which charges them with the consequences of negligence, in the manner of doing it. Where the act done is not lawful, whether it is done by the de *499 fendant, directly, or by Ms servant, or by a person employed by Mm in any other form, it is Ms act, and he is responsible—even though, himself, ignorant of the precise manner of its performance. (Rex v. Medley, 6 Carr & Payne, 292.) And clearly so, if, the work being unlawful, it is negligently done, and damages are caused by the negligence. In Ellis v. The Sheffield Gas Consuming Company, (22 Eng. L. & Eq. R. 198; 2 Ellis & Blackburn, 767,) the defendants were sued for digging a trench in a public street, and heaping up stones and earth so as to obstruct it, whereby the plaintiff, lawfully passing, &c., fell and broke her arm. The work having been done by persons contracting with the defendants, the latter insisted upon the doctrine, above alluded to, that a man is not responsible for the acts of the servants of their contractors, and relied upon the English cases to that effect; but the court held, that the defendants had no right to break up the streets at all, and if they employed the persons, who did it, to break up the streets, and, in so doing, to heap up earth, &c., they were liable—and this, notwithstanding it might be, that, if the workmen employed had been careful, in the way in which they heaped up the earth and stones, the injury would not have been sustained. The unqualified duty of one, who makes an area abutting upon a public road, to fence it so as to protect passers by, is adverted to in Barnes v. Ward, (2 Carr & Kir. 661, at nisi prius, and 9 Com. Bench R. 392,) at bar, and the defendant, in that case, was held liable, though the excavation was no part of it within the limits of the road: and in Stone and wife v. Jackson, (32 Eng. L. & Eq. R. 349,) that case is approved.
But, in the case of Dygert v. Schenck, in our own state, (23 Wend. 446,) the principle established seems to us to go even further than is required, in this case, to show that the defendant is not prejudiced by the charge. In that case, the defendant, for his own private use, had dug a race way across a highway, the fee in which was vested entirely in himself, subject only to the public uses, and had covered the race way by a bridge which, after ten years, became out of repair, and the plaintiff’s horse fell through and was- injured. The right of the public to require that he should keep the road as good as it was before he dug Ms ditch, is made the ground of holding the defendant liable. The court say, “Any act of an individual, done to a highway, though performed on his *500 own soil, if it detract from the safety of travellers, is a nuisance. A ditch dug in a high way was specifically pronounced a nuisance. Special damage arising from it, therefore, furnishes ground for a private action, without regard to the question of negligence in him who did it. The utmost care to prevent mischief will not protect him, if the injury happen without gross carelessness on the side of the sufferer.” (See the cases there cited.)
We apprehend that it would not have been erroneous, had the Judge, upon the authority of the cases above cited, gone even further, and charged that the defendants could not (without showing some authority for that purpose) construct and leave such an excavation under the sidewalk, in the public street, except at the peril of being held responsible for all injuries resulting from its want of entire safety, and sufficiency for all the purposes for which the public have a right to use such sidewalk, and that they were bound to keep and maintain the covering in a secure and safe condition, at their peril. And such rule does not involve the inquiry in whom is the fee in the land forming the street, (though it is not claimed here that the fee is in the defendant.)
If this be so, then surely the defendant cannot complain of being held responsible, when the rule was so far relaxed as to make their liability arise only when it was found that there was negligence in the construction or covering of the excavation, done by their express contract, and maintained by them for their own profit.
We do not intend to deny the power of the corporation of the city of Hew York, over the subject of the excavation and construction of vaults, areas, &e., within the lines of the public streets, nor to say that an authority, procured by the defendants, from them, to construct the vault in question, might not have changed the whole question of liability into one of negligence only. In which case, whether they would have been liable for the insufficiency .of the stone in question, placed there without any knowledge, by them, of its insufficiency, or any means of knowledge, we do not intend to say. Ho such authority was shown, and no ordinances of the corporation, general or special, were given in evidence.
One of my brethren suggests that the defendants are liable, upon a ground stated by Mr. Justice Bronson, in The Mayor &c., of Al *501 bany v. Cudliff, (2 Comstock, 174.) That the contractors having done their work, and delivered over the house, with its appurtenances, many months before this injury to the plaintiff occurred, the defendants are liable for the negligence in the construction of an insufficient covering for the vault. That the owners are liable to third persons for the sufficiency of the work, whether the builders be or be not liable, in turn, to him, for the negligence in the construction, which caused the injury. That had an injury to the plaintiff happened from the negligence of the contractors, while engaged in the work, they would have been liable, and the owners not, in accordance with Blalce v. Ferris, and other cases above referred to; but after the work is completed, and the owners have been for months in possession, third persons may look to them for damages, if injured by reason of negligence, even in the construction, and the owners must seek their indemnity from their' contractors.
We think that the judgment should be entered for the plaintiff upon the verdict, with costs.