WENDELL *vs.* THE MAYOR, RECORDER &C. OF THE CITY OF TROY.

39   329
130a  286

Where municipal corporations or individuals are charged with a duty, as in the case of streets or highways, with the duty of keeping them in repair and exercising a general oversight in regard to their condition and safety, they, or the body they represent, are liable for all injuries happening by reason of their negligence.

They are bound to keep the streets and highways in a proper state of repair, and free from all obstructions or defects in the road bed which vigilance and care can detect and remove; and this whether or not the work or repairs are being done by a contractor under them, the negligence of whose servants causes the injury complained of.

They may, under certain circumstances, be temporarily exempt from liability where repairs or other work and labor in the street are performed by contractors for the work, and the injury complained of occurs in the progress of the work by recklessness or negligence on the part of the servants of those contractors.

In regard to streets and highways, their use is designed for the public, for purposes of passage, travel and locomotion; and the use of them by an individual simply for his own convenience and accommodation unaccompanied by the public uses just mentioned, as for drains, sewers, vaults or cess-pools, is unauthorized and essentially a nuisance, and makes the party building or maintaining such nuisance liable for all damages sustained in consequence of the improper appropriation of the street or highway to such mere personal use.

The public body, represented by such corporation or officer, is also, in such case, responsible for injuries thus occasioned, because it was illegal and improper and a breach of duty in them to allow a public thoroughfare to be thus diverted to a mere private use.

This liability is absolute and complete notwithstanding the work may have been done with care and the structure erected in an apparently proper manner; because its erection was in itself unlawful, and no amount of care or labor bestowed could sanction such illegal appropriation of the street or highway.

If such work is for any reason tolerated by the public authorities, it is their duty to exercise a supervision over its construction and condition, and it is negligence and a breach of duty in them to omit to exercise such supervision.

If such supervision is exercised, but not to such an extent as is demanded by proper and reasonable care, nor so as to secure the safety of the traveling public, the corporation or person required to exercise such supervision is guilty of negligence, and the injuries arising from such lack of efficient supervision and care are injuries for which they are responsible.

If the injury results from some inherent defect or vice in the unauthorized

structure itself, or the mode of constructing it, so as not to be apparent even to a careful external observer, the public or public authorities are nevertheless liable, 1. Because the structure was under any circumstances unauthorized; and 2. Because the exercise of competent care and vigilance would have avoided such defects in the structure or mode of construction as would result in injury to the traveling public.

Medical testimony, as to the personal injuries likely to be produced under a given state of facts, is admissible, where the witness states the precise facts on which he bases his opinion, and the court does not withdraw from the jury the right or liberty to consider whether those facts were established by the testimony.

APPEAL from a judgment at the circuit and from an order of the special term denying a new trial. The action was brought to recover damages for injuries occasioned to the plaintiff's back on the 2d of October, 1857, by reason of the negligence of the defendants in not keeping River street, in the city of Troy, in a safe and proper condition, by which negligence a drain running diagonally from Mrs. Birge's house on the east side of River street, across River street into the drain of Hoosick street, gave way while the plaintiff was passing south through River street, near Hoosick street, with his team and truck, lightly loaded. The drain caved in about three feet deep by fourteen feet in length; one side of the truck went down, the tongue broke, threw one of the horses, and the plaintiff was precipitated head foremost between the horses, his feet resting on the hounds, his body extended, and his hands caught in the harness between the horses, near their heads, his person was unsupported except his hands and feet, thereby injuring his spine and back, so that he is mostly unable to labor, and he suffers constant pain, and is deprived of sleep, and is unable to attend to business to any considerable extent. Such is claimed by the plaintiff to be the legitimate effect of the testimony, and there was considerable evidence in support of such a conclusion. The defendants allege the drain was constructed across the street by one Mrs. Birge, who died before the trial.

The complaint, after charging the corporate character, and

the duty of the defendants to keep streets and drains in repair, alleges, that in October, 1857, the defendants "dug, or caused to be dug, a trench in River street in the said city, and therein constructed a drain, for the purpose of draining portions of the streets in said city," and that the same was negligently constructed, of insufficient materials and in an improper manner; and that while the plaintiff was carefully driving upon said street the drain caved in, by which the plaintiff was thrown from his wagon and injured. The proof showed that the drain was constructed by Mrs. Birge, to connect her cellar with the Hoosick street drain, under a permission from the common council of the city, given by resolution which directed "the work to be done under the direction of the city commissioner." The street inspector was occasionally present during the progress of the work, but gave no directions about the drain. He drew away some of the dirt that came out of the drain.

It appeared that River street ran north and south; that the drain commenced on the east side, ran across the street, and then north about fifty feet, on the west side; that there was no external indication of any defect in the drain, or in the street; that the drain was filled in the usual manner, being rounded above the general level of the street, and was, according to some of the evidence, to all appearance solid and secure, and according to other portions of the testimony the ground had settled where the drain was, some six inches before the casualty occurred.

The defendant moved for a nonsuit, which was denied. After the testimony was closed and both parties had rested, the defendants' counsel again moved for a nonsuit on the grounds previously stated, and in addition because it appeared that the drain in question was not constructed by the defendants or their officers, or any or either of them, and the complaint counts entirely on an unskillful or imperfect construction of the drain. The court overruled the motion and the defendants' counsel excepted. The court then charged

the jury, among other things, that they should consider and pass upon these points: 1st. Was the drain negligently and improperly constructed? 2d. Was the plaintiff injured by reason of such defect and insufficiency, and without any contributing negligence on his own part? 3d. Was the drain constructed by the authority and under the supervision of the common council; and that if they should find affirmatively on all of these points the plaintiff would be entitled to recover. In regard to the third question his honor charged that the resolution of the common council was evidence of their consent, and that it was the duty of the common council to send a competent officer to see that the drain was properly constructed. And the defendants' counsel excepted to the third proposition so submitted to the jury, and to all that portion of the charge as above stated which followed thereafter. The defendants' counsel then requested the court to charge the jury in accordance with the following propositions: I. That if the jury find from the evidence that the drain in question was constructed by a private citizen, under the authority of the resolution of the common council given in evidence, and that the work was not done or superintended by the defendants, or any or either of their authorized officers; and that the street was not dangerous nor out of repair at the place and time of the accident, the defendants are not responsible for any negligence or unskillfulness, or imperfection in the construction of the drain. The court declined to charge in this way, and charged that if the defective and negligent construction of the drain made it unsafe in fact to go over the road, the defendants are liable for an injury occasioned thereby to a traveler who is himself guilty of no negligence. The defendants excepted to such refusal and also to such charges as made. 2. That under the circumstances above stated, the defendants are not liable for any injury which may have happened to the plaintiff, by reason of any negligence or unskillfulness in the construction of the drain, nor for any imperfection in it not apparent from ex-

ternal examination. The court declined so to charge, or otherwise than as he had charged, and defendants excepted. 3. That under the evidence the defendants were not liable for any negligence or unskillfulness in the construction of the drain nor for any injury to the plaintiff therefrom. His honor declined so to charge, and defendants excepted. 4. That under the evidence the defendants were not charged with the duty of directing or superintending the construction of the drain. His honor refused so to charge, and defendants excepted. 5. That if any injury happened to the plaintiff, by reason of a hidden imperfection in the drain, not known to the defendants, or to either of their officers, and which reasonable diligence could not discover, the defendants were not liable therefor. To this his honor remarked that it was true as a general principle, but that if the drain was constructed under the resolution the defendants were bound to see to its proper construction, and defendants excepted to the instruction as given. 6. That under the evidence the defendants were only charged with the duty of keeping the street in proper repair, and if at the time and at the place of the accident, the street was in proper repair, so far as could be discerned from diligent external examination, the defendants were not liable. The court refused so to charge, and defendants excepted. 7. That the defendants were not liable for any injury to the plaintiff, through any defect in the street, unless they, or some or one of their officers, had notice thereof, or could have discovered the same by the exercise of proper diligence and care. The court refused to charge otherwise than already charged on that subject, and defendant excepted. 8. That the defendants were not liable to the plaintiff for any injury happening through any defect in the street, without proof that they had funds on hand legally applicable to the repairs of such street. His honor charged that this proposition did not apply to the case on trial. The defendant excepted to the refusal to charge, and also to such ruling. 9. That the plaintiff was not entitled to recover without

proving that the defendant, through some or one of its officers, was guilty of negligence, by which the plaintiff was injured. In regard to this proposition, his honor said it was true generally. He declined, however, to modify his charge, and added that the city was guilty of negligence in not sending a proper and competent officer to oversee this work, if they did not send such a one. And defendant excepted to such refusal and also excepted to such charge as made. 10. That if the plaintiff, by his own negligence, materially contributed to the injury of which he complains, the defendants were not liable. 11. That under the pleadings the defendants were not liable for any cause, except for negligence, unskillfulness, or imperfection in the construction of the drain. 12. That the defendants were not liable in this action for any injury to the horse or wagon of the plaintiff. 13. That neglect of official duty cannot be presumed, but must be proven. On the 10th, 11th, 12th and 13th propositions, submitted by defendant's counsel, as above, the court charged affirmatively, as requested. 14. That under the evidence the defendants could not be held liable in any event, unless the jury found that the drain was built in strict pursuance of the terms of the license from the common council, and under the supervision of the officer named in such license. In regard to this proposition his honor charged yes, substantially. The common council must either have the supervision of the work, or an opportunity to supervise it. The latter would be the same thing. To the latter portion the defendant excepted. 15. That there being no proof on the subject, the jury had no right to presume that the street inspector, Cutter, could exercise the supervisory authority, which by the license was intrusted to the city commissioner only. His honor said in regard to this that the jury need not presume any thing on the subject; and added the same modification as was applied to the last proposition, and the defendant excepted. The jury found a verdict for the plaintiff for the sum of $5000.

On the coming in of the verdict the defendant's counsel

moved for a new trial upon the minutes of the court, and the same was denied. And on motion, it was ordered that the defendants have sixty days within which to make a case or exceptions. The defendants appealed from the judgment, and from the order denying a new trial.

*S. F. Higgins,* for the plaintiff (respondent.)

*W. A. Beach,* for the defendants (appellants.)

*By the Court,* HOGEBOOM. J.   I think the present state of adjudication in regard to the liability of municipal corporations and public officers, for injuries occurring by negligence, authorizes us to lay down the following propositions;

1. Where municipal corporations or individuals are charged, as in the case of streets or highways, with the duty of keeping them in repair and exercising a general oversight in regard to their condition and safety, they or the body they represent are liable for all injuries happening by reason of their negligence. (*Mayor of New York* v. *Furze,* 3 *Hill,* 612. *Weet* v. *Trustees of Brockport,* 16 *N. Y. Rep.* 163, *n. People* v. *Corporation of Albany,* 11 *Wend.* 539. *Rochester White Lead Co.* v. *City of Rochester,* 3 *Comst.* 463. *Lloyd* v. *Mayor of New York,* 1 *Selden,* 369).

2. They are bound to keep the streets and highways in a proper state of repair and free from all obstructions or defects in the road bed which vigilance and care can detect and remove; and this whether or not the work or repairs are being done by a contractor under them, the negligence of whose servants causes the injury complained of. (*Storrs* v. *City of Utica,* 17 *N. Y. Rep.* 105, 106, 108, 109. *Hutson* v. *Mayor of New York,* 5 *Seld.* 163. *Hickok* v. *Village of Plattsburgh,* 16 *N. Y. Rep.* 161, *n.*)

3. They may under certain circumstances be temporarily exempt from liability where repairs or other work and labor in the street are performed by contractors for the work, and

the injury complained of occurs in the progress of the work, by carelessness or negligence on the part of the servants of those contractors. (*Pack* v. *Mayor of New York*, 4 *Seld.* 222. *Kelly* v. *Mayor of New York*, 1 *Kern.* 432. *Blake* v. *Ferris*, 1 *Selden*, 48. *Norton* v. *Wiswall*, 26 *Barb.* 618.)

4. In regard to streets and highways their use is designed. for the public, for purposes of passage, travel and locomotion; and the use of them by an individual simply for his own convenience and accommodation, unaccompanied with the public uses just mentioned, as for drains, sewers, vaults or cess-pools, is unauthorized and essentially a nuisance, and makes the party building or maintaining such nuisance liable for all damages sustained in consequence of the improper appropriation of the street or highway to such mere personal use. (*Congreve* v. *Smith*, 18 *N. Y. Rep.* 79. *Dygert* v. *Schenck*, 23 *Wend.* 446. *City of Buffalo* v. *Holloway*, 3 *Selden*, 493. *Congreve* v. *Morgan*, 5 *Duer*, 496.)

5. The public body, represented by such corporation or officer, is also, in such case, responsible for injuries thus occasioned, because it was illegal and improper and a breach of duty in them to allow a public thoroughfare to be thus diverted to a mere private use. (*Conrad* v. *Trustees of Ithaca*, 16 *N. Y. Rep.* 158, 161 *and note*. *Hart* v. *City of Brooklyn*, 36 *Barb.* 227. *Bailey* v. *Mayor of New York*, 3 *Hill*, 531. 2 *Denio*, 433. *Congreve* v. *Morgan*, 5 *Duer*, 495. *Mayor of Albany* v. *Cunliff*, 2 *Comst.* 174. *Ellis* v. *Sheffield Gas Consuming Co.*, 22 *Eng. Law and Eq. Rep.* 198. *Nelson* v. *Vermont and Canada R. R. Co.*, 26 *Verm. R.* 717. *Hutson* v. *Mayor of New York*, 5 *Selden*, 163.)

6. I think this liability is absolute and complete, notwithstanding the work may have been done with care and the structure erected in an apparently proper manner, because its erection was in itself unlawful, and no amount of care or labor bestowed could sanction such illegal appropriation of the street or highway. (*Conrad* v. *Trustees of Ithaca*, 16 *N. Y. Rep.* 158, 161, *and note*.)

Wendell *v.* Mayor &c. of Troy.

7. If such work is for any reason tolerated by the public authorities, it is their duty to exercise a supervision over its construction and condition, and it is negligence and a breach of duty in them to omit to exercise such supervision. (*Storrs* v. *City of Utica,* 17 *N. Y. Rep.* 108–9.   *Hickok* v. *Village of Plattsburgh,* 16 *id.* 161, *and cases last cited.*)

8. If such supervision is exercised, but not to such an extent as is demanded by proper and reasonable care, nor so as to secure the safety of the traveling public, the corporation or person required to exercise such supervision is guilty of negligence, and the injuries arising from such lack of efficient supervision and care are injuries for which they are responsible. (*Storrs* v. *City of Utica,* 17 *N. Y. Rep.* 108–9. *Hickok* v. *Village of Plattsburgh,* 16 *id.* 161.)

9. If the injury results from some inherent defect or vice in the unauthorized structure itself, or the mode of constructing it, so as not to be apparent even to a careful external observer, the public or public authorities are nevertheless liable ; 1. Because the structure was under any circumstances unauthorized ; and 2. Because the exercise of competent care and vigilance would have avoided such defects in the structure or mode of construction as would result in injury to the traveling public. (*Storrs* v. *City of Utica,* 17 *N. Y. Rep.* 106. *Conrad* v. *Trustees of Ithaca,* 16 *id.* 158.   *Congreve* v. *Morgan,* 5 *Duer,* 495.   *Hart* v. *City of Brooklyn,* 36 *Barb.* 227.)

The rules thus enunciated, and which I think, all of them, rest on well considered adjudications or sound principles, dispose of all the more material questions presented in the present case, and I believe cover all the essential matters contained in the charge or refusals to charge on the part of the court.   They embrace all those which rest upon the idea of a supposed defect in the construction of the drain or sewer not obvious or open to external examination ; because the erection was unlawful, inasmuch as competent care would have cured or obviated the defect, and the omission to bestow such care was of itself an act of negligence.   It is not like the case

Wendell *v.* Mayor &c. of Troy.

of a hidden or unavoidable imperfection or defect in the earth itself, in its natural state below the surface, in the performance of labor and repairs necessary for the public benefit, against which competent care and supervision could not provide; because in such case the work done was proper in itself, the use to which the highway was subjected was a lawful use, and the defect or imperfection such as could not have been anticipated, and against which the exercise of all reasonable care and circumspection was insufficient to protect the public.

These rules also embrace the case of a neglect to provide a competent person to supervise the work.

The lack of funds was also, I think, no defense, as there was no proof that such lack existed in point of fact; and as the defendants were provided with abundant resources and remedies to supply themselves with the funds necessary for the accomplishment of the work.

The evidence as to the proper mode of constructing and laying down drains, by persons expert in that business, was, I think, properly received.

The medical testimony as to the injuries likely to be produced under a given state of facts was, I think, properly admitted. The witness stated the precise facts on which he based his opinion, and the court did not withdraw from the jury the right or liberty to consider whether these facts were established by the testimony. (*People* v. *Lake*, 12 *N. York Rep.* 358. *Goodrich* v. *The People*, 3 *Parker*, 622.)

The motion for a new trial upon the evidence is not urged on the appeal, and none of the exceptions appear to me to be well taken.

I am of opinion that the order denying a new trial, and also the judgment of the circuit court, should be affirmed.

[ALBANY GENERAL TERM, December 1, 1862. *Hogeboom, Peckham* and *Miller*, Justices.]