### WILSON v. CITY OF WATERTOWN

*Municipal corporation — duty as to streets — Street — sidewalk part of — Negligence — by city as· to street.*

It is conclusively established in this State that a municipal corporation is liable to one sustaining injury by reason of its neglect to keep its streets in a safe condition, and a sidewalk is a part of the street.

In an action against a city for injury to plaintiff, caused by a dangerous obstruction upon a sidewalk, *held*, that the fact that the obstruction was created by a railroad company which, under lawful authority, was constructing its track across the street at the place where the obstruction was located, did not exonerate the city.

In such case both the city and the railroad company would be liable to the person injured, and the city, in event of a recovery against it, would have a right of action over against the railroad company.

APPEAL by plaintiff from an order at the circuit directing a nonsuit; from an order at the special term denying a motion to set aside the nonsuit, and from a judgment in favor of defendant entered upon such nonsuit.

Wilson v. City of Watertown.

The action was brought by Frederick P. Wilson against the city of Watertown to recover for personal injuries received by plaintiff in consequence of a dangerous obstruction on the sidewalk in a street in said city. The obstruction consisted of a steep embankment constructed by the Carthage, Watertown and Sackett's Harbor Railroad Company, at a point where its railroad crossed Mill street in said city. The accident took place in the night. At that time there were no lights or precautions of any kind to prevent such occurrences.

The railroad company named was duly incorporated under the general railroad law, and it had received from said city authority to construct its road across and along the streets, within the corporate limits thereof, upon compliance with the general statutes in regard to crossing streets.

The court nonsuited the plaintiff on the ground that the duty of keeping the streets safe was "shifted to the railroad and the city was relieved, and, therefore, the city is not guilty of any legal negligence."

*D. O'Brien,* for appellant.

*John Lansing,* for respondent, as to the liability of the city to keep the street in safe condition, cited 2 Dillon on Mun. Corp., §§ 786, 789; *West* v. *Village of Brockport,* 16 N. Y. 161, note; *People* v. *T. & B. R. R. Co.,* 37 How. 427; *Moshier* v. *U. & S. R. R. Co.,* 8 Barb. 427; *Sawyer* v. *Inhabitants of Northfield,* 7 Cush. 490, 498; *Young* v. *Yarmouth,* 9 Gray, 386. As to the duty in respect to sidewalks. *Cole* v. *Village of Medina,* 27 Barb. 214; *Peck* v. *Village of Batavia,* 32 id. 634; *Hart* v. *City of Brooklyn,* 36 id. 226; *Herrington* v. *Village of Corning,* 51 id. 396.

GILBERT, J. The duty of municipal corporations like the defendants, to keep the streets under their control at all times in a safe condition, and their liability to a person who has sustained an injury in consequence of their neglect, or breach of that duty, have been conclusively established in this State, and it is now pretty well settled that sidewalks are comprehended in the term "streets." It cannot be necessary to go over the decisions upon this subject. A reference to some of the cases in which the salutary rule of law stated has been asserted and approved will suffice. *Hutson* v. *Mayor of*

*N. Y.*, 9 N. Y. 163; *Conrad* v. *Trustees of Ithaca*, 16 id. 158; *West* v. *Brockport*, id. 161; *Congreve* v. *Smith*, 18 id. 79; *Davenport* v. *Ruckman*, 37 id. 568.

The plaintiff was injured while passing along Mill street, in the city of Watertown. He brought this action to recover compensation for that injury, and was nonsuited. The only reason assigned for the nonsuit was that the liability of the defendants had been shifted to, and imposed on, the Carthage, Watertown & Sackett's Harbor Railroad Company, and that the defendants had been relieved therefrom. This anomalous result seems to have been drawn from the following facts: The railroad corporation was organized pursuant to the general railroad act. That statute authorized them to construct their railroad upon and across the street mentioned, with the assent of the defendants, but not without such assent, and it required the railroad company to restore the street to its former state, or to such state as not unnecessarily to have impaired its usefulness. Laws 1850, chap. 140, § 28, subd. 5.

The defendants formally consented to the construction of the railroad across the street, subject to the charter, by-laws and ordinances of the defendant, and to the maps and profiles then on file, upon the railroad company complying with the general statutes in regard to crossing streets, and under that consent the railroad was constructed across the street. The immediate cause of the plaintiff's injury appears to have been a pile of curb or gutter stones against which he was precipitated, and it may be inferred that the railroad company made the pile, although that fact was not distinctly proved. Nor does it appear whether the railroad company failed to comply with the restrictions imposed by the defendants as a condition of permitting them to cross the street. Assuming, however, as was done by the court below, that the dangerous condition of the street was attributable to the railroad company, and that such fact made it liable to the plaintiff, it does not follow that the defendants were exonerated from liability to the plaintiff. On the contrary the rule is, that all wrong-doers are severally liable to the party injured. A municipal corporation may not be liable for an injury caused by a nuisance in a street created without its authority or sanction, of the existence of which it had no notice. But the nonsuit in this case was n t put upon that ground, nor does that question arise here, for the reason that there was at least some evidence from which the jury might have been warranted in finding

that the defendants had notice of the nuisance which caused the injury to the plaintiff. The only ground on which the nonsuit could be sustained would be that on which it was placed by the court below, namely, that the railroad company being authorized by the legislature to do what they did, and being charged with the duty of restoring the street, the control of the defendants over the street was suspended, and their duty in respect thereto was superseded, to a corresponding degree.

But this position is untenable. The acts which the railroad company were authorized to do were not necessarily incompatible with the duty of the defendants to keep the streets in a safe condition. The effect of the legislative authority was merely to render acts legal which without it might have been illegal. It contains no language which expressly, or by reasonable implication, modifies or abrogates the duty which the law had cast upon the defendants, or the liability consequent upon a neglect of that duty. The duty and liability, therefore, remained. It is the common case of the doing of a lawful act which renders a street unsafe, such as making excavations in it for water-pipes, drains, gas-pipes, areas, etc. These privileges, if not incident to ownership, require only the authority of the municipality to make the exercise of them lawful. But it is nevertheless the duty of the municipality to protect the citizens against danger arising from the negligent exercise of them. In case injury ensues from such cause, he who makes the excavation and the municipality are each liable. So in this case. If the acts of the railroad company constituted a nuisance, they and the defendants are each liable for their own breach of duty; the former for placing a nuisance in the street, and the latter for not removing it therefrom, or affording the necessary protection against danger, by means of lights and barriers. We cannot on this appeal determine the liability of the railroad company; but if the injury of which the plaintiff complains was caused by their neglect of duty, they are primarily liable, and in case of a recovery against the defendants, they will have a right of action against the railroad company. *Robbins* v. *Chicago City*, 4 Wall. 657; S. C., 2 Black. 418; *City of Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. Y. 476.

But the fact that the railroad company is liable to the plaintiff, and may be liable ultimately to the defendants, does not absolve the latter from their liability to the plaintiff. Dillon on Mun.

Corp., §§ 794, 795, 796, and cases cited; *Wendell* v. *City of Troy,* 39 Barb. 329; S. C., 4 Keyes, 261, and cases last above cited.

No reason is perceived why it should have that effect. The defendants were adequately protected in the first instance by the power which they possessed of imposing such reasonable conditions as they deemed proper upon the railroad company. By this means they were enabled to regulate and control the manner of doing the work, and thus to insure the safety of the street, or to get an indemnity against the liability to injuries happening by reason of its having been rendered unsafe. If they failed to exercise those powers, it was their own fault. Furthermore, the remedy over will in most cases be found an effectual shield against undue responsibility.

We are of opinion, therefore, that nothing has been shown which makes this case an exception to the general rule of law governing municipal corporations before stated.

Upon the other questions presented on the motion for a nonsuit we agree with the court below, that there was enough in the evidence to require the submission of the case to the jury.

The judgment must be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*