SWENSON v. THE CITY OF LEXINGTON, *Appellant.*

1. **Adverse Possession**: ACTION OF DAMAGES. Uninterrupted possession of land under claim of ownership for ten years, confers such title as will enable the possessor to maintain an action of damages for injury done to the land by the improper construction of a railroad adjacent to it, provided the possession is continued down to the institution of the suit.

2. **Liability of a city for damages occasioned by Construction of Railroad in a Street**: If a city is authorized by law to grant rights of way over its streets to railroad companies, it incurs no liability for damages done to real estate by the occupation of the street upon which it fronts, for a railroad, with its permission, unless they are such as would not have resulted if the road had been properly constructed and operated.

3. ——. If a city has such authority, it incurs no liability by reason of the fact that a company authorized by it to build and operate its road upon a street, has so constructed an embankment in the street as to cause a pond of water to be formed upon adjacent land, provided the embankment conforms to the established grade of the street and is otherwise so constructed as to cause no damage or inconvenience beyond that necessarily occasioned by the appropriation of a portion of the street for the purpose.

*Appeal from Ray Circuit Court.*—HON. GEO. W. DUNN, Judge.

*Alexander Graves* for appellant.

1. The court erred in giving respondent's instruction number 2. *Gurno v. St. Louis*, 12 Mo. 418; *Alexander v. Milwaukee*, 16 Wis. 247, 256; *Green v. Reading*, 9 Watts 382; *O'Conner v. Pittsburgh*, 18 Pa. St. 187; *Smith v. Washington*, 20 How. (U. S.) 135; *Taylor v. St. Louis*, 14 Mo. 20;

*Hoffman v. St. Louis*, 15 Mo. 651; *Murtaugh v. St. Louis*, 44 Mo. 480; *Barry v. St. Louis*, 17 Mo. 121; *Clark v. H. & St. J. R. R. Co.*, 36 Mo. 218; *Hillsdorf v. St. Louis*, 45 Mo. 98; *Bailey v. New York*, 3 Hill 539; *Murphy v. Chicago*, 29 Ill. 279; 2 Dillon on Munic. Corp., (2 Ed.) § 553; *Green v. Portland*, 32 Me. 431; *Roll v. Augusta*, 34 Ga. 326; *Tate v. M., K. & T. R. R. Co.*, 64 Mo. 149.

2. The court erred in giving respondent's instruction number three. *Lackland v. N. M. R. R. Co.*, 34 Mo. 259; *Porter v. Same*, 33 Mo. 138.

3. The court refused instruction number five asked by appellant. *Mayor v. Randolph*, 4 Watts & Serg. 516; *Wilson v. Mayor*, 1 Denio 597; 2 Dillon Munic. Corp., (2 Ed.) §§ 797, 798, 799; *Turner v. Dartmouth*, 13 Allen 291; *Dickinson v. Worcester*, 7 Allen 19; *Gannon v. Hargadon*, 10 Allen 106; *Flagg v. Worcester*, 13 Gray 601; *Franklin v. Fisk*, 13 Allen 211.

4. The court refused instruction number eleven asked by appellant. *Lackland v. R. R. Co.*, 31 Mo. 180; 33 Mo. 138; *Hinchman v. Paterson Horse Ry. Co.*, 17 N. J. (2 C. E. Green) 75, 83; *Barry v. St. Louis*, 17 Mo. 121.

*Walker & Field* for respondent.

1. Respondent's right to sue cannot be successfully controverted. He owned the soil to the middle of the street, subject only to the easement of the public as a highway. The charter of the city of Lexington gives the city no power to authorize such an obstruction, as the evidence shows the railroad placed in the street in question. *Lackland v. N. M. R. R, Co.*. 31 Mo. 180; *Bridge Co. v. Schaubacher,* 57 Mo. 582. Hence the city cannot plead in bar, the ordinance passed by the council granting the right of way to the company.

2. It is the duty of the city, expressly made so by her charter, to keep her streets free from obstruction; and she has no power, unless authorized by statute, to divest

herself of this duty by ordinance; and no statute giving such authority is in existence. *Currier v. Lowell*, 16 Pick. 170; *Willard v. Newbury*, 22 Vt. 458; *Batty v. Duxbury*, 24 Vt. 155; *Philadelphia v. Weller*, 1 Leg. Gaz. Rep. 400; *Watson v. Tripp*, 15 Am. Law Reg. 282; Charter of the City of Lexington, p. 9, art. 4, § 9. This section is imperative and not discretionary. Dillon Munic. Corp., (1 Ed.) 110, § 62; *Blake v. St. Louis*, 40 Mo. 569; *Smith v. St. Joseph*, 45 Mo. 449; *Weet v. Brockport*, 16 N. Y. 161, note; *Bowie v. Kansas City*, 51 Mo. 454; *Williams v. Tripp*, 16 Am. Law. Leg. (U. S.) 613.

3. The plaintiff may look to the city for damages, or he may look to the railroad company; and if he elects to sue the city, she has recourse upon the railroad company for the damages she may have to pay. Dillon Munic. Corp., (1 Ed.) 766, § 796; *Philadelphia v. Weller*, 1 Leg. Gaz. Rep. 400.

4. The city, in granting the right of way to the railroad company, was not engaged in the performance of a duty imposed by law; and if she had refused to grant the right of way, there is no law by which the railroad company could enforce it. Hence the city occupies the position of a private corporation engaged in a private enterprise for her own benefit, and is liable for the damage done to respondent's property by reason of the total obstruction of the street in front thereof. *Bailey v. Mayor*, 3 Hill 531; *Hannon v. County of St. Louis*, 62 Mo. 313.

5. The grant of the right of way to a railroad company over a public street, will not authorize the placing of any obstruction in the street such as will render it useless as a street. *Lackland v. N. M. R. R. Co.*, 31 Mo. 181; *Fletcher v. The A. & S. R. R. Co.*, 25 Wend. 462; *Porter v. N. M. R. R. Co.*, 33 Mo. 128; 1 Redfield on Railways, 540, 542.

6. The city, by its council, having authorized a railroad to lay its track in a street, it is her duty to direct and control the work so undertaken, and a failure to do so is

such culpable negligence as will make her liable. City Charter, art. 4, § 9, sub-division 29, p. 12; Shearman & Redfield on Negligence, § 147, p. 184, § 149; *Wendell v. Troy*, 39 Barb. 329, affirmed in 4 Keyes 261; *Hutson v. Mayor*, 9 N. Y. 163; *Congreve v. Morgan*, 5 Duer 495.

7.   The fact of the city having granted the right of way to the railroad company does not exempt the city from liability for damage done by the company in the prosecution of its work. The property of citizens must be protected. The following authorities are decisive of this case: *Stack v. East St. Louis*, 5 Cent. Law Jour. 385; *City of Pekin v. Brereton*, 67 Ill. 477; *Nevins v. City of Peoria*, 41 Ill. 502; *City of Aurora v. Gillett*, 56 Ill. 132; *City of Aurora v. Reed*, 57 Ill. 29; *City of Dixon v. Baker*, 65 Ill. 518; *City of Alton v. Hope*, 68 Ill. 167.

HENRY, J.—Plaintiff was owner of a lot on Water street in the city of Lexington, on which he had a dwelling house. The grade of said street had been established by the city prior to June 3rd, 1872, when the city council passed an ordinance granting the Burlington & Southwestern Railway Company a right of way along said street for the purpose of constructing and operating a railroad thereon. The company, under this ordinance, made an embankment along the street, in front of plaintiff's property, from twelve to fifteen feet high, and, according to the testimony of some of the witnesses, several feet above the established grade of the street, preventing the entrance to plaintiff's property by vehicles from the street, obstructing the flow of falling water, and causing it to stand in a pond in front of and upon said property and otherwise damaging said property. The evidence tended to establish the allegations in the petition, and the questions presented arise upon instructions given for plaintiff, and instructions refused which were asked by defendant.

The following were given for plaintiff: 1. The court instructs the jury that if they believe from the testimony that plaintiff has been in the uninterrupted and continued

possession of, (describing the property,) for ten years or more, last past, claiming the same as his own, and holding a proper title thereto, then he has such title as gives him a right to maintain this action.

2. That if they find from the evidence that plaintiff was, at the commencement of this suit, the owner and in possession of, (describing the property,) and that said lot fronts on Water street, then he is entitled, in law, to the uninterrupted use and enjoyment of said street, and if they further find that he has, by permission of defendant, been deprived of the use of said street, then he is entitled to recover, &c.

3. If they find for plaintiff, the measure of damages will be the difference in the market value of the property immediately before said embankment was placed on the street, and its value immediately afterwards, not exceeding $1,000, taking into account only the damage resulting from the embankment being placed in the street by the authority and permission of defendant.

The following were asked by defendant: 1. The court instructs the jury that the city charter gave to the city council the power and authority, by ordinance, to direct and control the construction and laying of railroad tracks in the streets and alleys of said city, and, to require that the railroad tracks, &c., shall be so constructed and laid as to interfere, as little as possible, with the ordinary travel and use of the streets and alleys, and that sufficient space shall be left on either side of said track for the safe and convenient passage of teams and persons, and to re-quire that said railroad construct, and keep in repair, suitable crossings at intersections of the street, and if the jury find from the evidence that the city council did, by ordinance dated June 3rd, 1872, grant the right of way to said railroad company along said Water street, and that, by provisions of said ordinance the said railroad was required to leave said street in as good condition as when the work thereon began, and also required that, in making

excavations upon said street, the established grade thereof be conformed to and observed, and that said ordinance further required said company to construct and keep good and sufficient crossings and passways across and along said street, wherever the same may be required and found necessary, and demanded for public use, then the said city, in permitting the company to construct said road was acting within the limits of its said charter, and cannot be held responsible for the injuries complained of in plaintiff's petition, if the obstructions complained of and if said embankment and railroad iron and ties were placed thereon by said railroad company, and then the jury will find for defendant.

2.   The court further instructs the jury that if they find from the evidence that the plaintiff's said fence is situated in said Water street, and if the jury further find from the evidence that by reason thereof the plaintiff's free use of said street is obstructed, and if they further find from the evidence that by the removal thereof, the plaintiff would have sufficient space for the safe and convenient passage of teams and persons between his said property and the said embankment along said street, then the plaintiff's said property is not injured by reason of having his ingress and egress, to and from, interrupted by the said obstructions caused thereby, and defendant is not liable therefor.

3.   The court further instructs the jury that this is a civil action for damages, and that the law devolves upon the plaintiff the burden of proving his case to the satisfaction of the jury, by a preponderance of evidence, and unless the plaintiff has proved his damage by a preponderance of evidence, the jury shall find for the defendant.

The foregoing instructions were granted.

The following instructions, asked by defendant, were refused, and made matter of exception: 4. If the jury find from the evidence that the embankment in front of plaintiff's lot was, in filling, made to conform to the estab-

lished grade of Water street, then the jury will find for the defendant, but if they find that the said embankment was higher than the established grade of said street, then the jury can only find such damages as plaintiff sustained by reason of the excess of said embankment above said street.

5. The court instructs the jury that the city council of the city of Lexington, had, by charter, the power and right to pass the ordinance dated June 3rd, 1872, entitled an ordinance in relation to the right of way along Water street to the Lexington, Lake & Gulf Railroad Company, by authority of which ordinance the said embankment, railroad iron and ties were placed in said street in front of plaintiff's property, and if, from the evidence, the jury believe that said embankment, railroad iron and ties were so placed in said street, according to the requirements and provisions of said ordinance, then the court instructs the jury that although the rains and melting snows descending and running from other parts of the city might cause pools and ponds of water to accumulate in and upon the property of the plaintiff described in the petition, then the defendant is not responsible for any damage occasioned by such water, and the jury shall not consider the same in estimating the damages occasioned thereby.

6. The plaintiff in this case, in order to recover judgment against the defendant for the injuries alleged in the petition, must prove, to the satisfaction of the jury, that the city of Lexington caused the embankment of earth and the railroad iron and ties to be placed in front of plaintiff's property, and thereby caused the injuries complained of, or that said work was done under the direction and supervision of the city officers and employees, for the purpose of promoting some design or enterprise, wherein the said city had an immediate and direct interest, otherwise the jury will find for defendant.

7. The court further instructs the jury that if they find from the evidence that the said railroad company has

violated the provisions of the city ordinance passed June 30th, 1872, granting it the right of way along said street, and further find from the evidence that the city council did, on July 12th, 1870, pass an ordinance entitled "an ordinance concerning nuisances," prohibiting any person or persons from obstructing the streets, alleys or sidewalks, with penalties for violation thereof, then, and in that event, the said obstruction of the said Water street complained of by plaintiff, was not authorized by the said city council and the said defendant cannot become responsible to plaintiff in this suit for the said alleged injuries, and the jury will find for defendant.

8. The court further instructs the jury that they shall disregard all evidence concerning the damage caused to the premises of the plaintiff, consequent upon the stoppage of water in front of and upon plaintiff's property, caused by the rain descending and being collected thereon, by said railroad embankment, as not constituting any legal ground of action or complaint against the defendant in this cause.

9. The court further instructs the jury that they shall discard from their consideration all evidence concerning the obstruction of plaintiff's view by reason of said railroad embankment, as not constituting any proper element of damage in this cause, and not being any ground of legal demand against defendant.

10. The court further instructs the jury that if they find from the evidence that the plaintiff's fence is situated in the said Water street, and that the property adjacent to the said plaintiff's property on the west is also several feet over the said line of said street, whereby plaintiff's free use of said street is obstructed, and that by the removal thereof the plaintiff would have sufficient space for the safe and convenient passage of teams and persons between his said property and the said embankment along said street, then the plaintiff's said property is not injured by reason of having his egress from and ingress to the same

interrupted by said railroad embankment, and the said defendant is not liable therefor.

11. The court further instructs the jury that if they find from the evidence that the said railroad company wrongfully obstructed the said street in the construction of their said road-bed, then the court instructs the jury that the said railroad company is primarily liable to the plaintiff for any injuries he may have sustained by reason of the embankment, railroad iron and ties, as set forth in his petition.

The first instruction for plaintiff is a little inaccurate. The ten years' possession of plaintiff should have been next preceding the institution of the suit to entitle him to maintain the action. There having been no evidence tending to disprove his ownership, the instruction, with the modification suggested, should have been given.

1. ADVERSE POSSESSION: action of damages.

The second instruction is too broad. There was no evidence tending to prove that he was entirely deprived of the use of the street, and such interruption as the construction and operation of the railroad would occasion, if properly constructed and operated, he would have to submit to, under the law authorizing the city to grant to the railroad company a right of way for that purpose.

2. LIABILITY OF A CITY FOR DAMAGES OCCASIONED BY CONSTRUCTION OF A RAILROAD IN A STREET.

The third instruction is also objectionable, in that it authorized the jury to give plaintiff damages for the obstruction of the flow of falling water, thereby causing it to form a pond in front of plaintiff's dwelling and upon his lot. By that instruction they were told that if they found for plaintiff the measure of damages would be the difference in the market value of the property immediately before the embankment was made, and its value immediately afterwards, not exceeding the amount claimed in the petition, taking into account only the damage resulting from the embankment. The evidence showed that the embankment caused the pond of water on the lot. That

3. ——.

was alleged in the petition as one of the elements of damage. If the city had made the embankment to the grade of the street, and that result had followed, she would not nave been liable to plaintiff for damages. *Gurno v. City of St. Louis*, 12 Mo. 418. And if the railroad embankment had conformed to the grade of the street, and, in other respects, had been so constructed as to occasion no greater inconvenience than would result from the mere construction and operation of a railroad along the street, neither the company nor the city would have been liable. There was no evidence tending to prove that if the embankment had conformed to the grade of the street, the obstruction to the water would not have occurred. The third instruction was, therefore, erroneous, in declaring the measure of damages to be the difference in the market value of the property immediately before the embankment was made, and its value afterwards. It should have been the difference in the value of the property, with the railroad running along the street at grade, and otherwise properly constructed, and the value after the embankment was made there, in the manner established by the evidence. This principle was announced in the case of *Tate v. The M., K. & T. R. R. Co.*, 64 Mo. 150. If the railroad company constructed its road in such manner as to injure the plaintiff in the use of the street, and to damage his property to an extent which he would not have suffered if the company had conformed to the grade of the street, in making the embankment, and had otherwise constructed the road so that no damage or inconvenience would have resulted beyond that of the mere construction and operation of the road along the street, the city is liable for such damage to the owner. *Storrs v. The City of Utica*, 17 N. Y. 108; *Hiccock v. The Village of Plattsburg*, 16 Id. 161, note; *Wendell v. The Mayor of Troy*, 39 Barb. 337; *Currier v. Lowell*, 16 Pick. 170; Shearman & Redfield on Neg., § 147. The liability of the city for any damages beyond that necessarily occasioned by the appropriation of a portion of the street for a railroad

track, is the same as if she had constructed the embankment. It was the duty of the city to see that the railroad track was properly constructed, with reference to the right of owners of property abutting on the street. The charter of the city of Lexington, section 9, article 4, authorizes the city to direct and control the construction and laying of railroad tracks, &c., in the streets and alleys, and to require them to be so constructed as to interfere, as little as possible, with the ordinary travel and the use of the streets and alleys.

"If such work is, for any reason, tolerated by the public authorities, it is their duty to exercise a supervision over its construction and condition, and it is negligence, and a lack of duty in them, to omit to exercise such supervision." *Wendell v. Mayor, &c., of Troy, supra;* and the cases above cited fully support that proposition, and the provision of the ordinance in question, requiring the company to leave the street in as good condition as when the work was commenced, does not relieve her of liability to property owners. For the violation of that condition the company may be liable to the city, but the city is, nevertheless, primarily liable to the injured property owner. There is no doubt that the railroad company would also have been liable to plaintiff. *Lackland v. The N. M. R. R. Co.,* 31 Mo. 186; *Tate v. The M., K. & T. R. R. Co.,* 64 Mo. 150.

The foregoing views, we think, sufficiently indicate which of the instructions, in our judgment, should have been given, and which were properly refused, without commenting upon them in detail. The judgment is reversed and the cause remanded. All concur.

REVERSED.