Williams, J.
The question argued by counsel, and the only one presented by the record, is whether the facts stated in the petition entitle the plaintiff to any .part of the relief demanded. It is contended they do not, because by section 3283, of the Revised Statutes, a remedy is given against the railway companies that placed the obstruction in the streets of the defendant which caused the damages suffered by the plaintiff.
That section reads as follows: “If it be necessary in the location of any part of a railroad, to occupy any public road, street, alley, way or ground of any kind, or any part thereof, the municipal or other corporations, or public officers or authorities, owning or having charge thereof, and the company may agree upon the manner, terms and conditions upon which the same may be used or occupied; and if the parties be unable to agree thereon, and it be necessary, in the judgment of the directors of such company, to use or occupy such road, street, alley, way or ground, such company may appropriate so much of the same as may be necessary for the purposes of its road, in the manner and upon the same terms as is provided for the appropriation of the property of individuals; but every company that lays a track upon any such street, alley, road or ground, shall be responsible for injuries done thereby to private or public property lying upon or near to such ground, which may be recovered by civil action brought by the owner, before the proper court, at any time within two years from the completion of such track. ”
If the defendant had put its streets in the condition complained of, its liability could not be doubted. Rhodes v. Cleveland, 10 Ohio, 159; Dil *614 Ion on Mun. Corp., 4th Ed., sections 1017, 1018; Beach on Pub. Corp., section 1494. Any permanent obstruction or incumbrance in any street of a municipal corporation is made a nuisance by statute (Revised Statutes, section 6921), which the municipal authorities are invested with the power and charged with the duty of removing. (Revised Statutes, sections 1690, 1878, 1934 and 2640.) And those powers and duties continue when a railroad company has placed its tracks in a public street, whether they were so placed under permission granted by the municipality, or under an appropriation for that purpose. In neither event are the municipal authorities divested of their powers, nor absolved from the per for manee of their duties. Nor, does section 3283, contemplate that a railroad company in the useof a street for the purposes of its road, under a right acquired in either of the .modes provided, may destroy the same, or create nuisances therein. On the contrary, it contemplates that the company shall exercise its rights with proper regard to those of the public in the street, and that the street and its uses by the public shall be preserved and protected, with such additional use as may be necessary in the proper operation of the railroad, which is itself a means of public use. If the permission to occupy the street be granted by the municipal authorities, they may, and should prescribe such reasonable regulations and conditions as will prevent the creation of nuisances, and preserve, and best protect the free and full use of the street by the public. And in the proceeding to acquire the right by appropriation, it cannot be assumed as a proper basis for the estimation of compensation or damage, that the company will destroy the street, or create nuisances therein.
*615 The next section requires that such companies, when a public highway is crossed or diverted by their roadway, shall with reasonable promptness restore the highway to its former condition of usefulness; and this requirement of the statute is but a declaration of the common law rule. “The common law rule is clear,” says Tiedeman on Municipal Corporations, section 306, “that when a railroad company or other corporation lays out a railway or canal across a public street or highway, it must restore and afterwards keep the highway in the same condition in which it was originally used by the public. This duty is imposed upon such a company by implication of law, where there is no express statutory requirement.” And see State v. Railway, 35 Minn., 131; Railroad v. Defiance, 52 Ohio St., 262, 314. This obligation of the company is inseparably connected with the right to use the highway, and is a condition to the exercise of that right, which it may be compelled to perform so long as it continues to use the highway, either by appropriate proceedings by the state, or by the local authorities. State v. Railroad, 36 Ohio St., 434; Railroad v. Commissioners, 31 Ohio St., 338. The duty rests upon the principle that the public use is the dominant interest in the street, and that it continues to be so notwithstanding the construction of the railway in or across it. Thereafter, the rights of the public and the railway company are co-ordinate and equal, and the latter is bound to so construct and use its roadway as not to interfere with the use and enjoyment of the street by the public further than is essential in the proper operation of the road; and the principle applies as well when the railway is laid lengthwise in the street, as when it is laid across *616 it. And hence, as said by the supreme court of Michigan, in Detroit v. Ft. Wayne & E. Railway Co., 90 Michigan, 646. “A city is not under obligation to conform its treatment of its streets to the construction of the railroad company’s road bed, but, on the contrary, the company must conform the construction of its road bed to such reasonable regulations as are made by the municipality in the reasonable exercise of its powers respecting the use, control and regulation and improvement of its streets.” And that obligation, the authorities maintain, may be enforced by mandamus or other proceeding. Elliot on Roads, page 600; Cooke v. Railroad Corporation, 133 Mass., 185; Manleys. St. Helen, etc., Railroad Company, 2 Hurl. 6 N., 840; Railroad Company v. State, 37 Ind., 489; State v. Gorham, 37 Me., 451; Cambridge v. Railroad, 7 Met., 70; Rex v. Railroad, 9 Car & P., 494; State v. Railroad, 36 Ohio St., 434; Railroad v. Commissioners, 31 Ohio St., 338; Detroit v. Railway Co., supra.
The streets of a municipal corporation, then, remaining within its control and supervision, attended with the duty to keep them free from nuisance, notwithstanding the laying of a railway therein, can it be relieved from liability for its negligent omission of dutjq because the railway company is itself answerable for the damages occasioned by a nuisance caused by it? In section 1037, of Dillon on Mun. Corp., it is said: “Towns an cities in the New England States are obliged, as we have seen, by statute, to keep their highways and streets in repair, and railroad companies in the same states have frequently been authorized by law to construct th&vr roads over public highways and streets, the effect of which may be to cause the *617 latter to be out of rep>air. Under these circumstances the question arises, if a person suffer damage by reason of a defective highway or street thus occasioned, who is responsible, the railroad company which caused the defect, or the town or city which is charged with the general duty of maintaining and keeping in repair the public way ? The course of decision is to hold the town or city primarily responsible to the person sustaining the injury, thus compelling it, when liable, to seek indemnity from the railroad company.” The author cites many cases in support of his statement, and in a note to the section it is said the rule holds good in other states; and among the other cases cited to the note is Steubenville v. McGill, 41 Ohio St., 235. It is further said in the note, that the person sustaining the injury “may, of course, elect to proceed at once against the railroad- company if he chooses. The primary duty is on the city, although, as between it and the railway company the latter is bound to repair. ’ ’
These views are fully supported by the cases. In Sides v. Portsmouth, 59 N. H., 24, it is held: “If a railroad, having the right to cross a highway, does not leave it reasonably safe, and a person is injured thereby, the town may be held liable.” Bingham J., in that case, says: “If a railroad company, acting under their charter, creates an obstruction in the highway by which a traveler sustains damage, the town is answerable as if the same acts had been done by an individual. ’ ’
Scranton v. Catterson, 94 Pa. St., 202, was a case where a party received an injury by reason of a water plug which was placed in a street of the citjr of Scranton, by a water company under authority *618 from the state, before the city became incorporated. The city asked the court to charge the jury that if it (the plug) was so placed in the street under such authority, it was not liable; which the court refused to do. On error, the supreme court affirmed the judgment, holding: “That it mattered not who placed the obstruction in the street provided the city had notice of its existence and failed to remove it. ” So, in Eyler v. Commissioners, 49 Md., 257, where a person was injured by reason of a defective bridge which had been erected in a public highway by a canal company, which was charged with the duty of keeping the bridge in repair, the county commissioners, however, being required generally to keep all public bridges in repair, it was held the commissioners were liable. The court say: “The fact that the canal company is bound to repair the bridge does not absolve the county commissioners from their primary duty to the public, nor is their liability affected by the fact that the appellant could, if he had chosen, have brought his action against the canal company.” But, says the court, “while we thus maintain the liability of the commissioners to the appellant in this action, the canal company is by no means discharged from its obligation to maintain and repair the bridge, nor are the commissioners left without remedy against the company. Upon the principles decided in many of the cases referred to, as also by the supreme court of the United States, in The City of Chicago v. Robbins, 2 Black., 418, and4 Wal., 657, they may have their remedy over against the company for whatever damages may be recovered against them in this action.” Among the authorities in the same line which we have examined, are *619 the following: Phillips v. Veazie, 40 Me., 96; Currier v. Lowell, 16 Pick., 170; Elliot v. Concord, 7 Foster, 204; State v. Gorham, 37 Me., 451; Watson v. Tripp, 11 R. I., 98; Krittredge v. Milwaukee, 26 Wis., 46; Swenson v. Lexington, 69 Mo., 157, 166, 167.
In the ease of Steubenville v. McGill, 41 Ohio St., 235, this court held a city liable for injuries caused by an excavation made by a railroad company between its tracks which were laid in a street of the city under an ordinance granting the company the authority to place them there. The city pleaded the ordinance as relieving it for responsibility for so much of the street as was occupied by the railway, averring that the place where the plaintiff was injured had not been used, maintained or kept up as a street or highway since the railroad was constructed, and was in the exclusive possession of the company. In affirming a judgment sustaining a demurrer to the answer, the court held: “The city’s supervision of and responsibility for the street subject only to the use by the company as granted, continued. ’ ’
And in Cardington v. Fredericks, 46 Ohio St., 442-447, it is declared, that section 2640, of the Revised Statutes, which gives to municipal corporations the care, supervision and control of their public streets and enjoins upon them the duty to keep the same open and in repair and free'from nuisance is, “in effect, a requirement that the corporation shall prevent nuisances therein;” and, “by allowing a street to become so out of repair as to be dangerous, the corporation itself maintains a nuisance;” and, although the statute does not in terms declare a liability for the failure to perform the duty, “a right of action for damages caused by such neglect arises by the common law. ”
*620 The municipal corporation being, then, liable at common law for permitting a nuisance in a street under its control, and railroad companies, like an individual, being also liable for creating such a nuisance, section 3283, in so far as it provides for an action against the railroad company for damages thus caused, creates no new right, nor does it purport to take away any of the remedies existing- at the time of its enactment. The rule is well settled, that where a statute creates a new right, and prescribes the remedy for its violation, the remedy thus prescribed is exclusive ; but when a new remedy is given by statute for rights of action existing independent of it without excluding’ other remedies already known to the law, the statutory remedy is cumulative merely, and the party may pursue either at his option. Darling v. Peck, 15 Ohio, 65-71; Dunn v. Kanmacher, 26 Ohio St., 497; Portland v. Railroad Co., 66 Me., 485.
We conclude, therefore, that section 3283, of the Revised Statutes, does not take away, or affect the remedy against the municipal corporation in cases of this kind. But, that section has a purpose and scope somewhat beyond that of giving a remedy ag’ainst the railroad company for damages in this class of cases. It authorizes the recovery of damages which are in the nature of compensation for the additional burden in the street arising from the proper construction and operation of the railroad therein, such as the adjacent property owner would be entitled to, in an appropriation proceeding’ instituted by the company, or a proceeding to compel an appropriation. For damages of that character, we apprehend, the municipal corporation cannot be held; and, in that, we think, consists the distinc *621 tion between the ease of Dellenbach v. Xenia, 41 Ohio St., 207,and that of Steubenville v. McGill, supra, and also this case. There being no showing in the record to the contrary, we must assume the plaintiff was properly limited in his recovery by the trial court.

Judgment affirmed.