1823.

ORTLEY
v.
MESSERE.

ORTLEY and BAKER, *Committee* of SPERRY, a Lunatic, *against* MESSERE and others.

A *lunatic* is not a necessary party plaintiff with his committee, on a bill to set aside an act done by the lunatic, under mental imbecility: though it is the general practice to join them, it is only matter of form.

BILL to set aside acts done by the lunatic while incom- *April 4th.* petent. *General demurrer*, for that the lunatic was not a party plaintiff, and because the bill contained no ground for a decree.

*S. S. Gardiner*, for the defendants, in support of the demurrer, cited *Mitford's Pl.* 28. 2 *Wils.* 130. *Hutt.* 16. 8 *East*, 228. *Dickens*, 378. 2 *Madd. Tr.* 592, 593.

*G. Brinckerhoff*, contra, cited 2 *Madd. Tr.* 75. 175. *Cro. Eliz.* 298. 622. 1 *Eq. Cas. Abr.* 279. 2 *Johns. Ch. Rep.* 242. 4 *Johns. Ch. Rep.* 294. 5 *Johns. Ch. Rep.* 184.

THE CHANCELLOR. It is not necessary for the lunatic herself to be a party plaintiff with her committee, to set aside an act done by her while she was under mental imbecility. The same objection was made in the case of the *Attorney-General on behalf of Smith, a lunatic*, v. *Parkhurst*, (1 *Ch. Cas.* 112.) and overruled by the Lord Keeper. The suit, in that case, was for relief against an act done by the lunatic while a lunatic. In another case, (*Ridler* v. *Ridler*, 1 *Eq. Cas. Abr.* 279.) the bill was by the lunatic *and his committee* to set aside a settlement made by him while a lunatic, and a demurrer was put in, because the lunatic was a party with his committee, and the

Vo VII. 18*

demurrer was overruled. It would seem, therefore, to be immaterial, and but matter of form. The lunatic may be joined with the committee, or omitted, according to these cases. There was a distinction suggested in the case of the *Attorney General on behalf of Woolrich*, v. *Woolrich*, (1 *Ch. Cas.* 153.) between the cases of a bill to set aside an act done while the party was, and before he was, a lunatic; but that distinction is not to be found in the two cases which have been cited. The general practice, however, is to unite the lunatic with the committee, as was done in 2 *Vern.* 678. But there does not appear to be any use in it, or any necessity for it, as the committee have the exclusive custody and control of the estate and rights of the lunatic. The lunatic may be considered as a party by his committee; and, like trustees of an insolvent debtor, the committee hold the estate in trust, under the direction of this Court.

Demurrer overruled, and the defendants ordered to answer.