## In the matter of KELLINGER, collector, &c.

The register, assistant register, and clerks of the court of chancery are not liable to be assessed as trustees, for the funds and securities belonging to suitors in that court standing in the names of such officers. Neither can the court be assessed and taxed as the trustee of such funds or securities.

Where monies are deposited in court, or securities taken for the same in the names of any of the officers of the court in their official characters, the owners of such funds or securities are liable to be assessed and taxed therefor, at the places of their residence, as a part of their personal estate.

March 16. THIS was an application by the collector of the ward in the city of New-York in which the office of the assistant register of this court is located, for an order directing such assistant register to pay to the petitioner, for the use of the corporation of the city, a tax of $7048, assessed against the court of chancery in 1838 ; on account of the funds and securities belonging to suitors in the court, standing in the name of the assistant register, either as such register or as clerk of the first circuit.

*P. A. Cowdrey,* for the petitioner.

THE CHANCELLOR. As this application involved the rights of all the suitors in this court who had funds standing in the name of one of its officers, as well as the rights of the towns or wards where such suitors reside to tax them for their interests in such funds, I directed notice of the petition to be given to the attorney general, as well as to the late assistant register. But as neither of those officers appeared to argue against the application, I am compelled to decide the question involved therein upon the ex parte argument of the counsel for the petitioner, who is also the counsel for the corporation of the city of New-York. The question thus presented for consideration is one of great consequence, not only to parties whose property is under the care of this court, but also to the inhabitants of other sections of the state where such parties reside. For if the

court of chancery, or its officer, can be taxed as the trustee of the fund in the sixth ward of the city of New-York, suitors residing elsewhere must either pay a double tax upon their interests in the fund, or the town or ward where such suitors reside will be deprived of the right to tax them any thing on account of that portion of their personal estates. It will be seen that the amount of the tax claimed in this case amounts to about $7000 annually. And if the claim of the corporation can be sustained, the principle is not only applicable to the funds in the hands of the officers of this court, but also to every other court in the state under whose control the funds of suitors are temporarily placed. The result of a decision in favor of this application, would be to give to the town or ward where the office of a register or clerk of any court of record, or of a surrogate, is situated, the exclusive right to tax the funds in court; although the property actually belonged to persons residing in other parts of the state. I have therefore examined the question with all the care which its importance seemed to require, although I have only had the aid of counsel on one side, and have arrived at a conclusion, which is perfectly satisfactory to my own mind, that the claim made in behalf of the corporation of the city of New-York is one which cannot be sustained.

The first section of the title of the revised statutes relative to property liable to taxation, (1 *R. S.* 387,) adopts the general principle that all lands and all personal property within this state is liable to taxation; subject to certain exceptions specified in the subsequent sections. But as many kinds of personal property have in fact no locality, except such as is connected with the actual domicil of the owner of such property, it became necessary for the legislature to declare in what cases and under what circumstances that species of property should be deemed to be located within this state for the purposes of taxation; and the person to whom it should be considered as belonging, for the purpose of determining in what section of the state it should be taxed, and to enable the proper officer to col-

lect the tax imposed thereon. This has been done, except as to the property of corporations, by the section of the revised statutes which declares that every *person* shall be assessed in the town or ward where he *resides* when the assessment is made, for all personal estate owned by him ; including all such personal estate in his possession or under his control as trustee, guardian, executor, or administrator. (1 R. S. 389, § 5.) This section makes the trustee of property, who has the possession or control of it as such trustee, the owner thereof for the purposes of taxation. And such property is to be taxed where such owner resides, without reference to the actual location of the property itself. To protect the real owner or cestui que trust from double taxation, the same section also provides that in no case shall property so held, under either of the trusts therein mentioned, be assessed against any other person.

It is very evident that the court of chancery cannot be considered as a *person* holding and owning property as a trustee, and having a local residence in a particular town or ward, so as to authorize the imposition of a tax upon the court under this section of the statute. For, the mode of making the assessment, and of reducing the amount thereof when assessed too high, and the manner of collecting the tax by a distress and sale of the property of the person against whom such tax is assessed, as directed in the revised statutes, are inconsistent with the idea that the legislature could have intended that the property of suitors should be assessed as belonging to the court of chancery as a trustee.

Besides ; this court has no residence in any particular town or ward, so as to authorize the assessors of such town or ward to assess it for the funds which are under its control. The statute, therefore, which directs personal property held by trustees, guardians, &c. to be assessed to the persons sustaining such fiduciary characters, at the places of their residence, only applies to private persons who sustain those characters, and not to courts. And the clause exempting trust property from assessment against the real owner of

such property, is limited to cases where the property is thus held by persons to whom the same can properly be assessed as individuals in the fiduciary characters mentioned in the statute. In all other cases the real owner of the property, if he is a resident of this state, should be assessed, to the value of his beneficial interest in the fund or property ; and the town or ward in which he resides at the the time of the assessment is entitled to the benefit of the assessment.

Neither can it be proper to assess the registers and clerks of this court as trustees of the funds standing in their names in the banks in which the moneys of the court are required to be deposited, or in the shape of stocks, bonds and mortgages, or other securities. For, as to such funds the registers and clerks are not trustees thereof ; nor are such funds either in their possession or under their control. Although the money paid into court stands in the name of the register or clerk, he is not entitled to the possession thereof ; neither can he draw it out of the bank without the special order of the court, countersigned by the chancellor or vice chancellor under whose control such fund is placed. Nor can such register or clerk sell or assign any certificate of stock, or any bond and mortgage, or other security standing in his name, so as to make a valid transfer thereof to the assignee or purchaser, without an order of the court authorizing such transfer. And if the funds are assessed to the register or clerk as a trustee, and the tax is collected from him, he cannot reimburse himself out of the fund in court ; nor is there any mode provided by law whereby he can be remunerated for the loss which he would in such case inevitably sustain.

If any part of the fund in court belongs to persons residing in the city of New-York, so as to render it proper that the same should be taxed in that city, the true course is to assess the same to such owner in the ward in which he resides, as a part of his personal estate ; so as to give him an opportunity to reduce the assessment, on the usual affidavit, if he is assessed for more personal property

than he is actually worth, over and above his debts. And if he resides in any other part of the state, so as to be liable to taxation for this part of his property in some other city or town, or if he is a non-resident, so that his property is not liable to taxation here, the corporation of New-York has no equitable claim to reach such property and impose a tax thereon, for the benefit of that city, because an officer of the court happens to keep his office there.

The petition must therefore be dismissed.