## THE PEOPLE *v.* F. S. LARDNER, TREASURER OF SACRAMENTO COUNTY.

TAXATION OF MONEY IN A COUNTY TREASURER'S HANDS.—Money belonging to litigants, but placed in the hands of a County Treasurer by order of the Court, subject to the order of the Court, is liable to taxation, and may be assessed to the Treasurer by name, and when the assessment is levied it becomes a lien on the money in the Treasurer's hands.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The defendant appealed from the judgment of the Court below.

The other facts are stated in the opinion of the Court.

*H. H. Hartley*, for Appellant, argued that the money was not liable to taxation, and cited *In the Matter of Kellinger*, 9 Paige, 62.

*M. M. Estee, District Attorney for the People, contra*, cited Hittell's Digest, p. 874, Secs. 4, 13, and 19; *Smith* v. *Macom*, 20 Ark. 17; *Indianapolis* v. *McLean*, 8 Ind. 328; and *Yuba County* v. *Adams & Co.*, 7 Cal. 35.

By the Court, SHAFTER, J.:

On the 1st of February, 1862, Burton & McCarty, merchants in Sacramento, confessed two judgments—one in favor of C. H. Burton for about twenty-five thousand dollars, and the other in favor of Spillman for about ten thousand dollars. On both of these judgments executions were issued on the same day, and were then levied upon a stock of goods belonging to said Burton & McCarty. On the same day, but later therein, Jefferson and Jackson Wilcoxson commenced suit against the same parties and attached the same lot of goods previously levied on by C. H. Burton and Spillman. Said judgments were confessed, and said attachment suits instituted in the District Court of the County of Sacramento, and the goods were sold by order of said Court, and the proceeds (six thousand six hundred and sixty-eight dollars) placed in the hands of the defendant, as Treasurer of said county, to be kept by him, subject to the order of the Court. Whilst the funds were in the hands of the defendant, as County Treasurer, in March, 1864, they were assessed by the Assessor of said county to him and in his name. The defendant having failed to pay the taxes thus assessed, this suit was brought, and judgment was recovered against the defendant in the Court below for the amount of taxes so assessed. The questions for the consideration and decision of the Court in this case are, whether the money in the hands of the defendant could properly be

assessed to him, and whether he could be required to pay the taxes out of the fund?

First—The funds were liable to taxation. By section four of the Revenue Act of 1861, " all property, of every kind and nature whatsoever, within this State " is made subject to taxation—subject, however, to exceptions. Property in *custodia legis*, not being included within the exceptions, falls, of course, under the general rule. To this extent the judgment is furthermore sustained by the case in 9 Paige, 62, cited for the appellant.

Second—The tax was properly assessed to the defendant as the person having the fund in possession, (Act of 1861, Sec. 13, p. 422,) and when levied it became a lien upon the fund in his hands. The fund was subject to payment of the tax under judicial direction. (Act of 1861, Section 3, p. 420; *County of Yuba* v. *Adams & Co. et al.* 7 Cal. 35.)

There is nothing in the case of *Kellinger*, 9 Paige, 62, opposed to this conclusion, and as to other grounds upon which the argument of the appellant proceeds, the facts relied on do not appear of record.

The judgment is affirmed.