FIELDS v. FOWLER, appellant.

*Parties — committee proper party to bring action to rescind contract of lunatic.*

An action to set aside the sale of a farm to a lunatic, and to cancel the satisfaction given by him of a mortgage, *held* properly brought by and in the name of the committee of the lunatic.

APPEAL from a judgment in favor of plaintiffs entered upon the report of a referee. The action was brought in Onondaga county by Leonard P. Fields and another, committee of the person and estate of Abel Amidon, a lunatic, against Maxwell T. Fowler, to set aside the sale of a farm to Amidon, while a lunatic, by the defendant, to cancel the satisfaction by Amidon of a mortgage held by him upon the farm, and to cancel a check given by him to defendant at the sale. The principal ground of defense, and the only one discussed in the opinion, was that the committee were not the proper parties to bring the action.

*Hiscock, Gifford & Doheny,* for appellant, cited *McKillip* v. *McKillip,* 8 Barb. 552; *Lane* v. *Schermerhorn,* 1 Hill, 97; *Crippen* v. *Culver,* 13 Barb. 429, and cases there cited.

*R. Woolworth* and *C. B. Sedgwick,* for respondent.

E. DARWIN SMITH, J. This action being brought to impeach and set aside the deed to Amidon, the alleged lunatic, and the satisfaction of the mortgage and check executed by him to the defend-

ant, on account and on the ground of the insanity of said Amidon at the time of their execution, was properly brought by and in the name of his committee.

The rule undoubtedly was and still is at law, when the action is brought to assert the title of the lunatic to real and personal property it must be brought in his name, as held in *McKillip* v. *McKillip*, 8 Barb. 555. The appointment of a committee of a lunatic does not, as held in that case, divest him of his estate or right of action, and the rule as there stated remains, except as changed by the act of 1845, which authorizes the committee to sue for any debt, claim or demand transferred to them, or to the possession and control of which they are entitled as such committee. *Vide* Laws of 1845, chap. 112, and Code, § 111, as hereinafter stated. The case of *McKillip* v. *McKillip* arose before the Code, and was decided without respect to it.

The 111th section of the Code, providing that every action must be prosecuted in the name of the real party in interest, simply adopted the rule in chancery as to parties to actions. In *Gorham* v. *Gorham*, 3 Barb. Ch. 32, Chancellor WALWORTH, upon the question, after referring to the various cases where the subject had been considered, said the result of all the several decisions was that when the object of the bill was to set aside the act or deed of the lunatic upon the ground of his mental incapacity at the time the act was done or the deed executed, the bill might be filed by the committee or the attorney-general alone, or by joining the lunatic with the committee. Chancellor KENT held the same rule in *Ortley* v. *Messere*, 7 Johns. Ch. 139, and overruled a demurrer to a complaint presenting the single point whether the lunatic was a necessary party, and said that the lunatic might be considered as a party by his committee and, like trustees of an insolvent debtor, the committee held the estate in trust under the direction of the court.

This view coincided in effect with the case of *Person* v. *Warren*, 14 Barb. 488, where the learned judge held that the committee might be "held a trustee of an express trust for the purpose of maintaining such an action within the spirit and intent of section 113 of the Code." Within these cases I think the action was properly brought in the name of the committee.

I see no error in the ruling of the referee, and think the judgment should be affirmed, with costs.

*Judgment affirmed.*