SPEAK & POINTER *vs.* JAMES METCALF and others.

### April Term, 1875.

LUNATIC DEFENDANT—GUARDIAN AD LITEM.—A defendant of unsound mind must appear by guardian *ad litem* before the complainant can proceed, and it is a motion of course to appoint such guardian if the fact of unsoundness of mind be averred in the bill; and, if not, the appointment will be made upon the fact being satisfactorily shown.

LUNATIC—WHEN SERVICE OF PROCESS DISPENSED WITH.—The actual service of process on a lunatic defendant, found to be such by inquisition of the court, may be dispensed with, as a prerequisite to the appointment of a guardian *ad litem*, where it is shown that the service would be dangerous to the health of the lunatic.

——, for complainants.

*John Lellyet*, for defendants.

THE CHANCELLOR :—Motion, by a solicitor of the court, in the name and on behalf of the defendant Metcalf, for the appointment of a guardian *ad litem* to appear and defend for him, upon the ground that he had been found to be a lunatic by this court, upon a commission issued for the purpose of ascertaining the fact, and that no guardian or committee had been appointed to take charge of his estate. It was also shown by the sheriff's return, and by affidavit, that the defendant was in the State Lunatic Asylum in this county, and was in such a condition of cerebral excitement and frenzy that the attending physician refused to allow the subpœna to be served upon him by the officer, or to execute it himself under a special deputation, because of the danger to the patient by reason of such service.

If a bill is brought against a lunatic, stating him to be such, it is a motion of course for the court to assign him

a guardian *ad litem* to appear and defend for him; and, if the bill do not state the defendant to be a lunatic, the fact must be shown by affidavit, or other satisfactory evidence. *Wollaston* v. *Dixie*, in Scac. 1790, 1 Fowler's Ex. Pr. 477. The application may be made in the name of the defendant within the time allowed for appearance and defence. *Snell* v. *Hyatt*, 1 Dick. 287; *Worth* v. *McKenzie*, 3 Mac. & G. 363. And afterwards by the complainant. *Howlett* v. *Wilbrahan*, 5 Madd. 423; *Estcourt* v. *Ewington*, 9 Sim. 252; *Piddocke* v. *Smith*, 9 Hare, 395; *Copous* v. *Kauffman*, 3 Edw. Ch. 370; *Post* v. *Mackall*, 3 Bland, 486. If the fact of incompetency is disputed, the court will refer it to the master, to enquire and report. *Lee* v. *Rider*, 6 Madd. 294. Our statute, Code, § 4372, which requires a defendant of unsound mind to appear by guardian or committee before the complainant can proceed, is in affirmance of the preëxisting law. *Montgomery* v. *Montgomery*, 3 Barb. Ch. 132.

Ordinarily an actual service of process on the lunatic defendant is necessary where there is no guardian or committee to bring him before the court. *Brooks* v. *Jobling*, 2 Hare, 155; *Harrison* v. *Rowan*, 4 Wash. C. C. 207. Such service is a mere form, and may be dispensed with when shown to be dangerous to the lunatic. After an inquisition and the appointment of a committee, the joinder of the lunatic in a suit is merely a formality, and dispensed with by some courts. *Shaw* v. *Burney*, 1 Ired. Eq. 150; *Ortley* v. *Messere*, 7 Johns. Ch. 139. In the case before us there has been an inquisition and the finding of lunacy, under the orders of this court. The defendant is, in effect, a ward of the court by virtue of these proceedings, and under its charge. In view of all the circumstances the application will be allowed, and a guardian *ad litem* appointed.