THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADON SMITH, Respondent, v. THOMAS B. ASTEN and Others, Commissioners of Taxes and Assessments of the City and County of New York, and the BOARD OF ALDERMEN OF THE CITY OF NEW YORK, Appellants.

*Assessment for personal property — a committee of a lunatic is a trustee within section 5 of 2 Revised Statutes (7th ed.), 989.*

By an order of the Supreme Court, made and entered in Madison county, the relator, a resident of the city of New York, was appointed the committee and awarded the care and custody of the person and the possession, care and management of the real and personal estate of Sidney Smith, a lunatic, residing in Madison county.

*Held,* that the personal estate of the lunatic was in the possession or control of the relator, as a " trustee," within the meaning of that term as used in section 5 of 2 Revised Statutes (7th ed.), 989; and that he was properly assessed by the tax commissioners of the city of New York for the amount thereof.

Appeal from an order made at a Special Term, canceling an assessment.

*Albert L. Cole,* for the appellants.

*William Man,* for the respondent.

Brady, J. :

By an order of this court, entered in Madison county, the relator, who resides in this county, was appointed the committee and awarded the care and custody of the person, and the possession, care and management of the real and personal estate of Sidney Smith, a lunatic residing in Madison county. Within the proper period the deputy tax commissioner, charged with that duty, assessed the relator with respect to the personal property held by him as such committee, in the sum of $160,000. Subsequently the relator made application to the commissioners of taxes and assessments to have the assessment canceled. The application was denied and the assessment confirmed. Subsequently a writ of *certiorari* was issued to review the action of the commissioners in imposing the assessment in question, which culminated in an order canceling the

assessment. The assessment was made under the provisions of the Revised Statutes, which are as follows :

"SEC. 5. Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, guardian, executor or administrator, and in no case shall property so held under either of those trusts be assessed against any other person." (2 R. S. [7th ed.], 989.)

"SEC. 10. Where a person is assessed as trustee, guardian, executor or administrator, he shall be assessed as such, with the addition to his name of his representative character, and such assessment shall be carried out in a separate line from his individual assessment, and he shall be assessed for the   *   *   *   personal property held by him in such representative character, deducting from such personal property the just debts due from him in such representative character." (2 R. S. [7th ed.], 991.)

And it is quite apparent that if the relator, as a committee, is a trustee within the purview of these provisions, the propriety of the assessment is manifest. The jurisdiction of this court extends to the custody and care of the property of lunatics, but it must be exercised through a committee. When the relator was appointed he became the representative of the estate and person of the lunatic, empowered to maintain an action or special proceeding in his own name on behalf of the lunatic or his estate. And it has been held not only that the committee has the legal title to the personal property of the lunatic, but that he is, like the trustee of an insolvent debtor, holding the estate in trust under the direction of this court, and further, that he is the trustee of an express trust. (*Pickersgill* v. *Read*, 5 Hun, 170 ; *Ortley and Baker, Committee,* v. *Messere,* 7 Johns. Ch., 139; *Person* v. *Warren,* 14 Barb., 499.) The last case cited, in which it was held that the committee of the lunatic was the trustee of an express trust, was quoted approvingly in *Thomas* v. *Bennett* (56 Barb., 201) and *Fields* v. *Fowler* (2 Hun, 401).

The Revised Statutes, however, do not require that the person assessed should have the legal title to the property in regard to which the assessment is imposed. All that is required is that he shall have possession and control as trustee. The contention that

the court being the trustee, the committee is only the representative of the court and therefore the fund in *custodia legis* and unassessable, is not supported by any of the adjudications.

*In the Matter of Kellinger* (9 Paige Ch., 62), to which the respondent refers, the chancellor, in the course of the opinion delivered by him, speaking of the section of the Revised Statutes quoted, said : " This section makes the trustee of property, who has the possession or control of it as such trustee, the owner thereof for the purposes of taxation. And such property is to be taxed where such owner resides, without reference to the actual location of the property itself." And further : " To protect the real owner or *cestui que trust* from double taxation, the same section also provides that in no case shall property so held, under either of the trusts therein mentioned, be assessed against any other person."

The taxation of this personal property, therefore, against the relator, as the trustee of the estate of the lunatic, cannot prejudice the latter, for the reason that but one assessment can be imposed by the express terms of the statute. It is true that the chancellor held that the assistant registers and clerks of the Court of Chancery were not liable to be assessed as trustee for the funds and securities belonging to the suitors in that court standing in the names of such officers, declaring that where moneys were deposited in court or securities taken for the same in the names of any of the officers of the court in their official characters, the owners of such fund or securities were liable to be assessed and taxed at the places of their residence upon the same as a part of their personal estate. But the propriety of following out the language of the statute under consideration was not questioned in that case, and the reason of the result declared seems to have been that the Court of Chancery could not be considered as a person holding and owning property as a trustee, and having a legal residence in a particular town or ward so as to authorize the imposition of a tax upon the court under the statute.

If it should be held that the committee of a lunatic is an officer of the court, and the personal estate which he holds by virtue of his office is non-assessable, the estate would, though it might be enjoyed by the lunatic, be free from the burdens which the statutes in reference to taxes and assessments were designated to place upon

all estates of that description. This was the intention of the legislature, and hence the use of terms in the statute sufficiently broad to comprehend all of the legal relations of agent, trustee, guardian, executor or administrator, and hence, also, the provision that when either of these trusts was assessed the property embraced within them should not be against any other person, thus protecting the *cestui que trust.*

For these reasons it is thought that the order appealed from was erroneous and should be reversed, with costs.

DANIELS, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, with costs.