GILES B. OVERTON, APPELLANT, *v.* THE PRESIDENT AND BOARD OF TRUSTEES OF THE VILLAGE OF OLEAN, RESPONDENTS, IMPLEADED WITH THE BUFFALO, NEW YORK AND PHILADELPHIA RAILROAD COMPANY.

*Neglect of municipal officers to interfere to protect a taxpayer's rights — right of the latter to make the officers parties to an action brought by himself against the wrong-doers.*

In this action, brought against the president and board of trustees of the village of Olean and a railroad company, the complaint alleged that the plaintiff was a resident and taxpayer of the village and an owner of real estate upon one of its public streets; that the defendant company had threatened and commenced to erect a permanent structure upon the street which would effectually obstruct public travel upon it to the great injury of the plaintiff; that the defendant officers were *ex officio* commissioners of highways of the village, and possessed all the powers and duties incident to that office; that the plaintiff and other persons owning property on that street had frequently remonstrated with the officers and sought to induce them to interfere officially to protect the said street and the rights and franchises of the public therein, but that the said officers, for some subtle reason, for which the plaintiff could not account, had neglected to take any action either officially or otherwise. The relief demanded was an injunction restraining the company from erecting the structure.

*Held*, that as the officers of the village and the plaintiff bore to each other a relation similar to that of a trustee to a *cestui que trust*, and as the said officers had refused to intervene for the plaintiff's protection when requested so to do, he might make them parties defendant to this action, and so enable the court to give such directions as might be necessary to protect and preserve his right.

APPEAL by the plaintiff from an interlocutory judgment, entered on a decision made at the Cattaraugus Special Term, sustaining a demurrer to the complaint.

The action was braught against The Buffalo, New York and Philadelphia Railway Co., and the President and Board of Trustees of the village of Olean. The complaint alleges that the village is incorporated; that one of its public streets is Sixth street; that the railway company is a domestic corporation and has commenced and is proceeding and threatens to erect a permanent structure in the street in such manner as to effectually obstruct public travel on it; that the other defendants, The President and Board of Trustees of the village of Olean, are "*ex officio* commissioners of highways, vested with all the powers and duties incident to that office within the territorial limits of the village of Olean;" that the plaintiff is a resident freeholder and taxpayer of that village, and owns land adjacent to and abutting on Sixth street, and will be greatly injured by such obstruction of the street, and that the preservation of the use of the street for the purpose of travel is a public necessity; that the plaintiff and others owning and occupying lands upon the street have frequently seen and remonstrated with the defendant commissioners of highways to procure their official intervention for protection of the street and the rights and franchises of the public therein, but for some subtle reason for which the plaintiff is unable to account, the said board of trustees neglect, in their official capacity or otherwise, to take any action against the railway company. The relief demanded is that the railway company be restrained from proceeding to erect the obstruction and for costs against that company. The demurrer is: 1. That there is no joint cause of action alleged against the defendants. 2. That they are improperly joined as defendants. 3. That the causes of action are improperly united. 4. That sufficient facts are not alleged to constitute a cause of action against the village board.

*Geo. H. Phelps*, for the appellant.

*Frederick W. Kruse*, for the respondents.

BRADLEY, J.:

The complaint alleges a purpose on the part of the railway company, defendant, to substantially obstruct and destroy the use by the public of one of the public streets of the village of Olean, by the erection of a permanent structure in it, and that the company has commenced, and is proceeding, in execution of such purpose. This, when accomplished, will be a public nuisance. And the construction is the proper subject for restraint. The village, through the president and board of trustees, as commissioners of highways, may bring an action for that purpose with a view to the preservation of the street. (Laws 1855, chap. 255; *Osborn* v. *I. C. and A. Ry. Co.*, 27 Hun, 589.) And the complaint alleges a state of facts which makes it their duty, as the official representatives of that interest, to do so. The complaint, therefore, alleges a cause of action against the railway company and a public interest at least in having it prosecuted. And an interest peculiar to the plaintiff as an owner of property on the street to have remedy sought by action. The important inquiry is whether the plaintiff is permitted to bring this action for the purposes of the relief in view.

It is a well settled proposition that when a party having the power and charged with the duty to become a plaintiff and prosecute an action for a private remedy refuses to do so, another, or others, having a financial interest, actual, contingent or remote in the subject of the cause of action and in the relief, may bring an action making such party and the one against whom the relief is sought, as parties defendant; and thus bring into legal controversy the proper parties to it so that the court may, as between them, grant the appropriate relief as effectually and to all intents and purposes as if they had been plaintiff and defendant. The office of the nominal plaintiff in such case is to bring the proper parties to the subject of the action before the court, that it may be set in motion to adjudicate between them. (3 Pomroy's Eq. Jur., § 1095; *Davenport* v. *Dows*, 18 Wall., 626; *Everingham* v. *Vanderbilt*, 51 How., 177; *Greaves* v. *Gouge*, 52 id., 58; affirmed, 69 N. Y., 154; *Bate* v. *Graham*, 11 id., 237.)

This method is applicable to cases where the relation of trustee and *cestui que trust* exists, by which the trustee may be required to seek a remedy and relief. No reason now occurs to us why it may not be applied to a municipal corporation which refuses to perform a plain *duty* in which the corporators are interested, and by the non-performance of which they will be prejudiced. This incorporated village, through its constituted authorities, is charged with the duty of maintaining and preserving for their proper uses the public streets within it. And any failure to do so by affirmative action, or by negligent omission to act, is a breach of duty on its part. (*Wendell* v. *The Mayor, etc.*, 39 Barb., 329.) The relation of the corporation is in its nature that of trustee in respect to the streets, and that of its citizens *quasi cestuis que trust*, and the latter may, by action in a proper case, restrain it from doing that which may be deemed a violation of such trust to their prejudice. (*Lawrence* v. *The Mayor, etc.*, 2 Barb., 577; *Anderson* v. *Rochester, L. and N. F. R. R. Co.*, 9 How., 553, 564.) But as against strangers who are proceeding to produce a public nuisance, an individual citizen who is not specially injured, but is affected only in common with the other citizens of the municipal corporation, cannot proceed by action to restrain or abate. (*Burnet* v. *Bagg*, 67 Barb., 154, 165.) The corporation itself, as such representative and trustee, may, by action and injunction, protect the streets against the erection of nuisances in them. And the same reason which supports an action by a citizen against the corporation to restrain it from unlawfully granting permission to create a public nuisance will, it would seem, enable a citizen to bring it into court with a view to relief against a threatened nuisance affecting such citizen in common with others. But that method is adopted as one of necessity; and to permit it the proper party plaintiff must have refused to be the party plaintiff. (See cases cited, *supra*.) The allegations of the complaint are not very specific in that respect, but may fairly be treated as sufficient to tender that issue.

The plaintiff alleges that he owns land on this Sixth street, but adds no specific allegations which show further than what may be inferred from that fact that his property there is so situated as to be specially affected and the use of it injured by the contemplated structure, so as to entitle him in his own right to relief and to main-

tain the action. If that were so, he could have made the railroad company alone a party defendant (*Knox* v. *Mayor*, 55 Barb., 404), but that may not have rendered the municipal corporation an improper party defendant, although, perhaps, unnecessary. There is no relief asked by the plaintiff as against that defendant. (*Ortley* v. *Messere*, 7 Johns. Ch., 139 ; *Bailey* v. *Inglee*, 2 Paige, 278.)

The rights and powers of municipal corporations, created pursuant to statute, are for the purposes of protection of these streets greater than those of highway commissioners of towns. And it may be that without the aid of the act of 1855 the village of Olean has ample power by action to prevent the erection of public nuisances in its streets, and in like manner to abate them. And that such remedies are merely concurrent with those by indictment and by civil action by the people through their attorney general. (*People* v. *Metropolitan T. Co.*, 11 Abb. N. C., 304, 313.)

It seems to us that the allegations of the complaint present a suitable case for equitable cognizance. And for the purposes of the questions presented by the demurrer, they must be taken as true.

The judgment should be reversed, with costs, with leave to the respondent to withdraw the demurrer and answer over within twenty days on payment of costs.

SMITH, P. J., and BARKER, J., concurred.

Judgment reversed and demurrer overruled, with costs, with leave to the respondents to answer within twenty days on payment of costs.