1. Taxation—Who a trustee within 1 Revised Statutes, 389, § 5.
The term “trustee,” as used in 1 Revised Statutes, 389, § 5, which requires the town assessors to assess every person “in the town or ward where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, guardian, executor or administrator,” etc., is *633 limited in its application to a person expressly authorized by statute to hold the legal title to property in trust for some specific purpose.
3. Same — Money paid into court and held by county treasurer as depositary NOT SUBJECT TO TAXATION BY TOWN.
By the terms of a certain will, the control and management of the estate were committed to a non-resident as executor and trustee. Said trustee, at his own request, was discharged from further performance of the duties of trustee. Tne trust fund was paid into court and the relator, as treasurer of the county, became the depositary thereof under Code Civ. Pro., § <5537. As a depositary of the fund the relator was charged with the duty of safely keeping and investing the same. Held, that he did not exercise the function of a trustee. That the court could not be deemed to have a residence in any particular town or ward which would authorize the assessors of such town or ward to assess it for the funds which are under its control.
This trustee had performed the duties of the trust for some time, and as such trustee invested the trust funds in the state of which he was a resident. Qumre, whether this fund might escape taxation upon the theory that it is foreign capital brought into this state for investment.
Certiorari to review assessment.
Adams, J.—By
One Robert Lyman, who also resides at Chicago, was named as the executor of the will in question, which after the death of the testator, was duly admitted to probate, and he thereupon entered upon the discharge of his duties as executor and trustee under the same.
In making this assessment all the customary and statutory requirements were complied with, and on “grievance day ” the relator appeared by counsel, who objected to the assessment upon the grounds set forth in the petition herein, but the assessors, acting under the advice of the village attorney, overruled such objections and confirmed the assessment.
By the provisions of chapter 237 of the Laws of 1872, the assessors of the village of Geneseo are invested with the same powers and restricted to the same requirements and regulations with respect to the assessment of property as town assessors.
By reference to the Revised Statutes (vol. 1, p. 389, § 5) it will be seen that town assessors are required to assess every person in the town or ward where he resides, when the assessment is made for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, guardian, executor or administrator, etc.
It is not contended that the relator is in any sense the owner of the moneys in his hands, nor will it be claimed that he has possession or control of the same as “agent, guardian, executor or administrator,” and consequently the only question for the consideration of the court is whether or not he is as a trustee within the definition of that term as employed in the statute.
The answer, within all canons of construction, is obvious that by the use of specific terms all others are intended to be excluded, and it therefore necessarily follows that the term “trustee” must be limited in its application to a person expressly authorized by statute to hold the legal title to property in trust for some specific purpose. People ex rel. Smith v. Com’rs of Taxes, etc., 100 N. Y., 215.
The legal title to the fund in question is now in the heirs-at-law of Ann Lyman, subject to the use thereof by Harriet Lyman during her life-time, provided she remains single. By the terms of the will the control and management of this estate were committed to Robert Lyman, a nonresident of this state, as executor and trustee, but he finds it desirable to ask the court to relieve him from the further discharge of his trust, and his request is granted. What, then, becomes of the trust ? It is paid into court and the court becomes its custodian. The relator, as treasurer of the county, is designated by law as the depositary (Code Civ. Pro., § 2537), but until he transfers it to a “general or special guardian, committee, or some other trustee (§ 747),” it remains in the custody of the court and he exercises no control over it whatever. As a depositary of the fund, the relator, although charged with the duty of safely keeping and investing the same, can hardly be said to exercise the ■function of a trustee; neither can the court be deemed to “ have a residence in any particular town or ward which would authorize the assessors of such town or ward to assess it for the funds which are under its control.” In the Matter of Kellinger, 9 Paige Ch., 62. It follows, therefore, that this fund must be assessed to the real owners, at the place of their residence, and as they are non-residents of this state, it results in its practical exemption from taxation. It is further contended by the relator that within the principles laid down in the case of Williams v. Supervisors, etc. (78 N. Y., 561), this’ fund might escape taxation upon the theory that it is foreign capital brought into this state for investment. The peculiar circumstances of this case give considerable force to such a contention, but the court prefers to rest its conclusion upon the ground first stated.
Careful examination has been given to the preliminary objections raised by the defendant’s counsel, but they fail to disclose any substantial ground for dismissing the writ.
The act of 1880 does not appear to contemplate the giving of notice of the original application, nor does it seem to require that the trustees of the village be made parties, and *636 the omission to state that no previous application had been, made is a mere irregularity, which, of itself, does not call upon the court to vacate the writ. Bean v. Tonnelle, 24 Hun, 353.
For the reasons above given, the relator must have judgment declaring the assessment in question illegal, but inasmuch as it does not appear that the assessors acted “ with gross negligence, in bad faith or with malice,” no costs are awarded.