## In re SIMS.

(District Court, W. D. Georgia, S. D.   October 21, 1902.)

**1. BANKRUPTCY—TAXATION OF FUNDS IN HANDS OF TRUSTEE.**

The funds of a bankrupt estate in the hands of the trustee are subject to state and local taxation in that taxing district where the values might have been assessed for taxation if the bankruptcy had not supervened, and on proper application the court will order the payment of such taxes by the trustee as coming within the spirit, if not the letter, of Bankr. Act, § 64a.

In Bankruptcy.   On review of decision of trustee denying an application for an order requiring the trustee to pay taxes.

W. G. Smith, for Albert Jones, tax collector of Bibb county.
Walter J. Grace, for trustee in bankruptcy.

SPEER, District Judge.   This is an application on the part of the tax collector of Bibb county for an order directing the trustee appointed in the above-stated case to pay the taxes due for the year 1901 on a fund of $3,000 in cash belonging to said bankrupt estate, and placed by the trustee, under order of the court, in the designated depository.   The referee denying the application, a petition for review of that officer's decision has been filed.   This presents the question, are the funds in the hands of a trustee in bankruptcy liable to state and county taxation in that taxing district where the values in question might have been assessed for taxation had not bankruptcy supervened?   The importance of the inquiry will be readily perceived.   No case where the question has been distinctly decided under the existing bankruptcy legislation has been called to the attention of the court. Upon principle, however, it seems that the application of the tax collector must be granted.   Section 64a of the act provides:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt, to the United States, state, county, district or municipality, in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such taxes the same shall be heard and determined by the court."

It is manifest from this provision of the act that congress had no purpose to deny to the taxing power any valid claim for taxation upon the values in the hands of officials of a court of bankruptcy.   On the contrary, it was the purpose of congress to make it obligatory that all the current taxes legally due should be paid.   It is true that the act does not expressly provide that funds held by officers of court pending the litigation shall be liable to taxation.   Under the general principle, however, that taxation should be uniform upon all values, it is difficult to perceive why the primary right of the taxing authority, whether national, state, or municipal, should be denied.   A tax is a debt due to government.   The levying and collection of such tax is, within the relative scope of existing authority, an exercise of sovereignty, and nothing will be presumed against such sovereign right. It would have been easily competent for congress, in enacting a uni-

form system of bankruptcy, to have declared that funds held in process of litigation and for the purpose of distribution should not be taxed; but it has not done this. Much light is thrown upon this important inquiry by the decision of the supreme court of the United States in U. S. v. Herron, 20 Wall. 251–264, 22 L. Ed. 275. The precise question was not involved, but Justice Clifford, for the court, quotes with approval the language of Chitty to the effect that:

"Acts of parliament which would devest or abridge the king of his prerogatives, his interest, or his remedies in the slightest degree do not, in general, extend to or bind the king, unless there be express words to that effect."

In the same opinion we are advised that the framework of the bankruptcy legislation of this country is largely taken from various acts of parliament, and "such acts," said the learned justice, "have never, in terms, included debts due to the sovereign of the country; and the decisions of the courts of Westminster Hall for more than a century have held without exception that such acts, or the proceedings under the same, do not discharge debts due to the crown." The learned justice continued:

"Nor does the bankruptcy act impair or supersede the laws for the collection of taxes, and that rule also is founded upon the same canon of construction, to wit, that the crown is not bound by the bankruptcy laws; and therefore, says Shellford, on page 303, the appointment of assignees does not relate to the act of bankruptcy as against the crown process, but the bankrupt's personal property is bound under an extent even when tested subsequently to the appointment of the assignees."

Here, of course, the taxing power stands in the place of the sovereign, and the trustee in the place of the assignees.

We are strengthened in the conclusion here announced by the views of a text writer so well known and so reliable as Mr. Robert Desty. In his valuable work on Taxation (volume 1, p. 301) we find the following:

"Money of litigants in the hands of the county treasurer, though placed there by order of the court, is liable to taxation. So the owners of money deposited in court are liable to be assessed and taxed therefor. Funds in the hands of receivers, when taxable, should be assessed to the receiver in the place where the court sits which appointed the receiver,"—citing People v. Lardner, 30 Cal. 242; In re Kellinger, 9 Paige, 62; Commissioners v. Clarke, 36 Md. 206.

It does not follow, of course, that all moneys deposited in the registry of the court or designated depository of the courts are subject to taxation. Much of it belongs to nonresidents, and would not be subject to state taxes merely because impounded in litigation. Much of it is deposited under the admiralty jurisdiction, where the values belong to foreigners likewise exempt from the taxing power of the state or county. But when a fund is held by a trustee in bankruptcy or other fiduciary agent of the court, which, but for the litigation, would have been liable for taxation in a particular taxing district, we see no reason why the court should not, on proper application, direct the payment of current assessments of valid taxes thereon to the appropriate tax collector.